WILLIAM SORENSEN, Appellant, v. JOHN G. MOSBACHER et al., Appellees.

No. 39471.

APRIL 14, 1930.

*Kimball, Peterson, Smith & Peterson,* for appellant.

*George H. Mayne,* for appellees.

EVANS, J.—The following plat attached to appellant's brief will aid to an understanding of the controversy.

The northerly tract appearing thereon is the property of the plaintiff, and comprises between three and four acres of ground. The other two tracts comprise the property of the defendants. Only the middle tract appearing on the plat is involved in the controversy. The description of each of these tracts is by metes and bounds, and the description of each of the three tracts is, to some extent, mutually dependent upon the description of the others. The plat indicates the triangular strip involved in this controversy. The upper line of the triangle represents the location of a division fence that had been maintained between these tracts for more than 40 years. For 28 years of that time it has been so maintained by the present parties to this litigation. During that full period, and up to a short time before the beginning of this suit, each party believed that the fence was on the true division line. Unless there be merit in the affirmative contention of the plaintiff, the case is clearly one of mutual acquiescence in a division line, and for that reason would merit little discussion.

The event that changed the attitude of the plaintiff, shortly before the bringing of this suit, was a purported survey of these tracts, made by one Cook, an engineer. It appears that Mosbacher had contracted to sell a part of his tract adjoining Sorensen to one Fuhs, under a description by metes and bounds. He thereupon employed Cook, to make a survey and to establish the lines. These tracts are carved out of the SW¼ of the SE¼ of a certain Section 31. Cook began his survey at the northwest corner of the plat, which was a government corner, and the only government corner available for the purpose of description of each and all of the tracts upon the plat. Cook's survey, in the first instance, resulted in his tentative finding that the division line between plaintiff and defendant lay three feet north of the division fence. It is the testimony of Sorensen that, at this time, Mosbacher said he wanted the fence on the true line. Thereafter, Cook obtained Sorensen's deed, and examined the record of the other transfers, and in the light of the descriptions contained therein, made another survey. The tentative finding of this survey was indicated by the lower line of the triangle as it appears in the plat. The eastern base of this triangle is 43 feet long. Thereupon, the plaintiff claimed such line as the true division line. He offered no other proof of the alleged true di-

vision line than that Cook had so found it by his survey. Cook was called by the defendants and examined concerning his surveys and the discrepancies therein. He testified that the description by metes and bounds was defective and uncertain, in that a certain line therein was described as extending to a certain "point," without stating the measure of *distance* to such point; that such point is not now capable of location, except approximately; that no exact survey can be made, without knowing the exact location of that point; that any variation of judgment in the location of such point would cause variation in the result of the survey. He testified also that there was no necessary inconsistency between his two surveys. He testified likewise that there was no necessary inconsistency in the line indicated by the division fence with the descriptions given in the deeds of the parties. He testified also that there appeared to be an overlapping in the descriptions, which resulted in a slight shortage in the tract of each party, as compared with the descriptions contained in their deeds. These parties trace their titles to a common grantor. The common grantor conveyed the Mosbacher tract first, in 1879, and the Sorensen tract thereafter, in 1880. The grantees of this common grantor surveyed the ground and erected the division fence, which has been maintained ever since. Manifestly, therefore, if these two conveyances from the common grantor were overlapping in their descriptions, the grantee of the Mosbacher tract could not be required to contribute to the shortage, if any.

As already indicated, the Cook survey was the event that stimulated the bringing of this action. The argument for plaintiff is that Mosbacher is not entitled to claim mutual acquiescence, because he himself did not acquiesce in the line of the division fence when Cook's first survey appeared to his advantage. Whether Mosbacher's attitude at this time was such as to constitute an estoppel against him, we have little occasion to consider. The plaintiff purports to repudiate the line of the division fence, and purports to claim to the *true* line. The burden upon him was to prove the true line to be other than the division line of the fence. He made no such proof. He rested his case upon the evidence of himself and his wife. This related to what Cook said, and to what Mosbacher said. There was nothing official or authoritative about the Cook survey. He was not the

common employee of the two parties. Sorensen had nothing to do with his employment. He was not employed by Mosbacher with reference to any controversy between Mosbacher and Sorensen. There was no controversy at that time. He was employed by Mosbacher only, to fix the boundaries of the Fuhs purchase. He chose to begin his survey at a government corner. This fact incidentally brought him to the discovery that the true location of the line between Sorensen and Mosbacher was uncertain, according to the metes and bounds. He was not commissioned to determine that question. In any event, the true line could not be proved by Sorensen's recitals of what Cook told him. Cook, being called by the defendants, pointed out the defect in description of metes and bounds, and testified that any survey at the present time must rest in part upon hypothesis as to the location of a "point," and that the hypothesis adopted in a particular survey would necessarily be controlling of the specific result.

Sufficient, therefore, to say that the plaintiff wholly failed to prove the true line as being other than the line of the division fence. In short, the only legitimate evidence of the true line which we have in this record is the division fence. The case as presented is a fact case. The law applicable in cases of mutual acquiescence and adverse possession is not in dispute between the parties. We think the district court properly dismissed the petition.

Its decree is, accordingly,—*Affirmed.*

MORLING, C. J., and FAVILLE, DE GRAFF, and KINDIG, JJ., concur.