JOE KEMMERER, Appellee, v. IOWA STATE HIGHWAY COMMISSION, Appellant.

No. 41228.

MARCH 15, 1932.

John Fletcher, Attorney-general, Maxwell A. O'Brien, Assistant Attorney-general, and T. J. Mahoney, for appellant.

Dyer, Jordan & Dyer, for appellee.

STEVENS, J.—The appellee is owner of 70.3 acres of land in Section 5, Township 83 north, Range 25 west, Boone County. The right of way of the Ft. Dodge, D. M. & So. Ry. Co. traverses a portion of this from southeast to northwest, cutting off a corner, the acreage of which is not shown. The strip sought to be condemned for highway purposes is 120 feet in width and parallels the right of way of the railroad company to a point a short distance southeast of the improvements on the tract, where it curves or bends to the right and continues in a northwesterly direction to a point near and east of the northwest corner. The improvements, consisting of residence, barns, the usual farm buildings, orchard, trees, etc., lie north of the railroad right of way and west of the highway, which is already constructed as a part of the Lincoln highway. 1.21 acres of the triangular tract in the northwest corner is used for pasture. The improvements are on the 2.43-acre tract immediately south and southeast thereof and completes the triangle. It extends to the railroad right of way. The tract adjoins a north and south highway on the west. The highway in question enters the tract from the southeast a short distance west of the center and crosses the farm in the direction already stated. It is constructed upon a fill which, at the highest point, is approximately seven feet in height. A cattle way having dimensions five feet by seven is placed at an apparently convenient place for the convenience of the farm. A driveway has been constructed so as to permit access from the improvements to and across the highway to the adjoining cultivated premises. A gate is placed and maintained on either side of this highway. The gates and fence were constructed by the commission without expense to appellee. The highway occupies 4.42 acres. The condemnation commission awarded damages in the sum of $3,400.00. The jury returned a verdict for $6,755.25.

I. One of the claims of appellee upon the trial was that

the cattle way was inadequate for all purposes. Appellee and other witnesses were permitted, over objections of appellant, to testify that if stock passed through the cattle way in an orderly manner, the opening was adequate, but that if they did not do so, but crowded or became excited, the opening was not large enough to allow the stock to pass without difficulty and some damage; that the ceiling was so low that if a horse were to throw its head up it might strike it and thereby be injured; that the accumulation of mud and ice in the opening would interfere with the passage of stock through it and cause confusion; that the opening is not wide enough for a team to pass through. Other testimony of similar nature was permitted by the court to be introduced by appellee. The objection to the testimony was that it was speculative, not a proper element of damages, remote and argumentative. The court might well have somewhat restricted the examination of the witnesses at this point. The adequacy of the opening would to some extent affect the value of the land after the highway was constructed. It was an element to be considered in fixing the value of the land as it now appears. The propositions were in a sense hypothetical and the answers in the nature of conclusions, but it would have been difficult to express the reasons for the alleged inadequacy of the opening without to some extent assuming what might happen, as well as the statement thereof in language more or less in the nature of conclusions.

The appellee has not for ten years kept any considerable quantity of stock on the premises,—just a few milch cows and some calves. The jury could not have been inflamed as suggested by counsel by this testimony. It was of little probative value and hardly of a nature to arouse the passion and prejudice of the jury. The instructions fully and with substantial accuracy stated the measure of damages, together with the elements to be considered. The error, if any, in the admission of this testimony, could not, under the facts of this case, have resulted in any substantial prejudice to appellant and a reversal predicated thereon would be rather technical than otherwise.

II. In his original petition filed in the district court appellee prayed damages in the sum of $5000.00. A motion asking that the petition be made more specific in that appellee be required to state specifically the items of damage claimed by

him was filed in behalf of appellant. Complying with the ruling of the court sustaining this motion, appellee set out numerous items of damage, the whole aggregating $9,676.00, for which sum damages were asked. The court on motion of appellant struck the specific sums set opposite each separate item of damages, but declined to strike the aggregate amount asked in excess of $5,000. The ruling of the court on this motion constitutes the basis of one of appellant's propositions for reversal.

Section 7822 of the Code of 1931 provides that the procedure for the condemnation of private property for work for internal improvement and for other public use and purposes, except as otherwise provided by law, shall be in accordance with the provisions of Chapter 366 of the Code of 1931.

Section 7841-c1 requires that a written petition be filed by the plaintiff (appellant) stating specifically the items of damage and the amount thereof. The defendant is also required to file an answer in writing and the cause is tried to a jury as an action by ordinary proceedings. We find nothing in the statute in any way designed to prohibit the filing of an amendment to the petition in such action increasing the amount of damages claimed therein. Of course, such an amendment, if filed too late, might, under some circumstances, justify a continuance as in other actions, but we think it obvious that either party has a right to amend his pleadings as in any other action tried by ordinary proceedings. No authorities are cited in the briefs on this point and we know of none.

III. At the conclusion of appellant's testimony, counsel offered the original petition in evidence. The court admitted the document over the objections of appellant. Thereupon, appellee was recalled and asked by his counsel to state his reasons for increasing the amount of damages. He was permitted, over the objections of appellant, to testify that as time elapsed he became convinced that the amount claimed was too small. This was followed by cross and redirect examination of the witness. The original petition was already before the court, and while the document offered by appellee might well have been excluded, no possible prejudice resulted therefrom. Appellee, as a witness in his own behalf, testified fully as to each and all of the respective elements of damage asserted by him.

IV. Appellant sought, by way of rebuttal, to prove by

the engineer of the highway commission that the location of the cattle way was at the only feasible place on the premises. The court excluded the offered testimony of this witness. The point is not argued and is without merit. Appellee was entitled to recover as damages the difference between the fair and reasonable market value of the land immediately before and immediately after the condemnation of the right of way across the. same, and it was immaterial whether the cattle pass could have been placed in a better location. It was already located and the highway constructed. The evidence clearly showed that it was reasonably accessible and convenient for the purpose intended.

V. Numerous instructions were requested by appellant, all of which were refused. Proper exceptions were preserved to the refusal of the court to give the requested instructions. Requested instruction No. 2 asked the court to tell the jury that in considering the fair and reasonable market value of the farm, testimony that was remote, imaginary, uncertain or speculative, although testified to by the witnesses, should not be taken into consideration, and that the only elements which should be considered were those which are appreciable and substantial, and which would in the eyes of an intended purchaser actually lessen the market value of the real estate; and No. 4 requested that the jury be instructed that the value of the land should be ascertained from the testimony given by the witnesses, and that, in addition thereto, the jury had the right to take into consideration their knowledge concerning the testimony on the subject of value and the opinions given, and that they should weigh the testimony of each witness and give it only such weight as the jury should deem it entitled to; that the jury should not arbitrarily disregard the testimony of any witness. No. 5 requested the court to instruct the jury that it was the duty of appellee to minimize or reduce his damages so far as reasonable and ordinary care, foresight and intelligence would permit, and that feigned, unnecessary or speculative items of injuries or damages, such as he himself might, in reason, obviate or avoid, should not be allowed.

So far as the requested instructions stated the law, the points were fully covered by the court's charge to the jury. The measure of damages was correctly stated by the court. The instructions also sufficiently cautioned the jury as to speculative

damages and reiterated the rule for measuring damages. These authorities will be found collected and analyzed in Randell v. Highway Commission, 214 Iowa 1. It is unnecessary to repeat or enlarge what is there said. Appellee was under no legal duty to minimize his damages. The action is not of tort. D. M. W. W. Laundry v. Des Moines, 197 Iowa 1082.

The proposition requested in instruction No. 6 is included and fully covered in paragraph 8 of the court's charge to the jury.

VI. The court's instruction No. 8 is criticized upon the ground that its effect was to emphasize items of speculative, remote and other testimony bearing upon the measure of damages. The instruction is not vulnerable to the exceptions urged. The particular elements of damage referred to in the instruction related to the character of the land, the number of acres taken, the location of the highway and the manner in which it crosses the farm, the increased difficulty and inconvenience, if any, in operating the same, the width and length thereof, the fills, if any, the size and character of the embankments, the location of the highway with reference to the improvements, and other similar matters. The court in this instruction told the jury that only such facts and circumstances should be considered as tended to prove the fair and reasonable market value of the land; that independent or separate items were not to be considered; but that their conclusion should be arrived at upon a fair consideration of all of the evidence bearing upon the question of damages. Some of the elements referred to in the instruction have been approved in our prior decisions, particularly such damages as result from the manner in which the farm is divided by the road, its effect upon the future operation thereof, and the increased difficulty of communication between different tracts. Kosters v. Sioux County, 195 Iowa 214; Klopp v. Chicago, M. & St. P. Railway Co., 142 Iowa 474. We find no reversible error in this instruction.

Exceptions preserved to other instructions are without substantial merit and need not be discussed in this opinion. The instructions must be considered as a whole, and when thus examined will be found to be substantially correct. A perfect charge to the jury is not often met with.

VII. No doubt, the major proposition relied upon for

reversal is the alleged excessiveness of the verdict. The sum awarded is nearly double that found by the condemnation commission. The values placed upon the land immediately before the condemnation by the witnesses for the respective parties varied but little. The difference in the average estimated value prior thereto was less than ten dollars per acre. Three of appellee's witnesses testified that the fair and reasonable market value of the land prior to condemnation was $200.00 per acre, and three of appellant's witnesses testified to the same estimate. The average estimated value of the witnesses of the respective parties after condemnation differed widely. The damages awarded were substantially $3,000.00 less than claimed by appellee in the amendment to his petition. Apparently, the sum allowed is large. It is, however, well within the testimony, and, in the absence of some showing of passion and prejudice on the part of the jury, the verdict should not be interfered with. Sorensen v. Mosbacher, 210 Iowa 156; Ideal Separator Works v. Des Moines, 167 Iowa 517; Longstreet v. Town of Sharon, 200 Iowa 723.

There was testimony tending to show that from forty to fifty dollars per acre of the land was represented by the buildings. One witness testified that their value was $6000 or $7000. The center line of the highway across the farm is approximately 103 rods in length. Direct access to the highway from the improvements on the farm is from the rear. There is, however, a highway in front of the house which, if maintained, will enable appellee to reach the pavement by traveling a few rods north. The highway severs all of the improvements from the rest of the farm. No part of it can be reached without passing through gates across the highway. The inconvenience on account of the location of the road is considerable.

It is urged that the commission offered to remove all of the improvements to the other side of the highway without expense to appellee. He would prefer not to have this done, and the offer was declined. Appellee was under no legal obligation to consent to the removal of his improvements to some other point on the farm, nor should his refusal to do so be made a basis for denying him damages resulting from the separation of such improvements from the rest of the farm. The parties appear to have stipulated that the premises might be viewed by the jury.

Whether or not this was done, we are not advised. We cannot say, upon the record before us, even conceding that the damages awarded are apparently somewhat excessive, that the verdict of the jury is the result of passion and prejudice. It has support in the evidence, and this court will not, under such circumstances and in the absence of other cause, disturb the verdict. No other propositions relied upon for reversal require particular mention. The judgment is affirmed.—Affirmed.

WAGNER, C. J., and FAVILLE, DE GRAFF, ALBERT, EVANS, MORLING, and KINDIG, JJ., concur.