## FRANK E. HOLMGREN AND ANOTHER v. TOM BONDHUS.

247 N. W. 2d 608.

November 19, 1976—No. 45965.

*Tom Bondhus*, pro se, for appellant.

*Clifford C. Lundberg*, for respondents.

Considered and decided by the court without oral argument.

PER CURIAM.

Respondents, Frank E. and Thelma G. Holmgren, have brought this action against appellant, Tom Bondhus, for damages and to enjoin a trespass by appellant, whose property abuts that of respondents on Big Lake in Sherburne County. Bondhus appeals from a decision of the district court fixing the boundary between his property and respondents' property. The Holmgrens seek review of the damages they were awarded. We affirm.

The property which is the subject of this dispute is in the city of Big Lake and is bounded by Idaho Avenue on the north, Minnesota Avenue on the south, Lake Street on the east, and Big Lake on the west. The following sketch of the area [prepared by the court] is based on defendant's Exhibit C:

The dispute involves the location of the Holmgren south boundary and the Bondhus north boundary in Lot 7, there being a dis-

crepancy of some 4 1/2 feet. The Holmgrens own all of Lot 8 and a part of Lot 7, and Bondhus owns the remainder of Block 1.

On April 20, 1948, the Holmgrens' predecessors in title, Joseph and Rose Mitteco, received a deed from Marion and Lonnie Worth conveying to the Mittecos the following described property:

"* * * Lot Eight (8) and a portion of Lot Seven (7) in Block One (1) in said addition and a part of the vacated alley immediately East of said Block One (1), the tract hereby conveyed being more particularly described as follows: Beginning at a point on

the North line of said Block One (1) extended East across said vacated alley, One Hundred Forty-nine and Seventy-five Hundredths (149.75) feet West of the Northeast corner of Block Ten (10) of said Hazelwood Park Addition to Big Lake; thence South parallel to the East line of said Block One (1) a distance of Sixty-four and Twenty-five Hundredths (64.25) feet; thence West parallel to the North line of said Block One (1) to the shore of Big Lake; thence North along the shore of said lake to the North line of said Block One (1); thence East along the North line of said Block One (1) and its extension to the point of beginning."

Thereafter, Rose Mitteco (the surviving joint tenant) conveyed to the Holmgrens the property here in question by deed dated October 1, 1968, containing the same description which appears in the Worth deed.

On August 3, 1957, Marion and Lonnie Worth conveyed to Tom and Jean Bondhus the following property (as well as other property not here involved):

"Lots 1, 2, 3, 4, 5, 6, and the south 15.75 feet of Lot 7, all in Block One (1); * * * all in Hazelwood Park Addition to Big Lake, together with the vacated alley between * * * Block 1 and * * * Block 10 * * *."

The Mittecos' son, Louis Mitteco, testified that a fence was erected on the south line of the Holmgren property in 1949 or 1950. Holmgren testified that the fence was on the boundary line when he purchased the property in 1968 and remained in place until 1971 or 1972 when Bondhus removed the fence and replaced it with a chain-link fence on the same location. The events which gave rise to this lawsuit occurred on August 23, 1974, when Bondhus moved the fence 4 feet north of its previous location claiming that the property between the old and new fence line belonged to him. Thereupon the Holmgrens took the fence down and commenced this action against Bondhus for trespass and for damages.

Each party relies on a separate survey—the Holmgrens on one prepared in 1971, and Bondhus on one prepared in 1909. The basis for the dispute is the fact that Block 1, according to the older survey, contains 8 lots, each 40 feet in width, totaling 320 feet, whereas the correct measurement of the 8 lots in Block 1 from north to south is only 315.59 feet.

In finding in favor of the Holmgrens, the trial court decided that the 1971 survey was correct. The court enjoined Bondhus from trespassing on the 4 1/2-foot area in dispute and awarded Holmgrens $56 in damages, which represented their expenses in removing the fence Bondhus improperly erected. Punitive damages and additional compensatory damages were denied. We hold that in thus limiting the damages the court was not clearly in error and therefore affirm the judgment on respondents' petition for review.

The trial court did not accompany its decision with an explanatory memorandum, and the reasons for its decision are therefore not entirely clear. Unfortunately, the parties have not been of assistance to the court in specifying their legal theories for recovery. The problem is how to deal with a deficiency in the size of platted property deeded to successive grantees by a common grantor. There does not appear to be a great deal of authority on the subject. However, the cases which have come to our attention are unanimous in holding that where there is a deficiency and the first grantee has taken title by a metes-and-bounds description, his property is not subject to the apportionment to which a subsequent grantee of adjoining property would be entitled if the first grantee's property had been described only by lot and block number. That rule finds support in Hruby v. Lonseth, 63 Wash. 589, 116 P. 26 (1911); Nattin v. Blassell, 156 La. 423, 100 So. 609 (1924); Mechler v. Dehn, 203 App. Div. 128, 196 N. Y. S. 460 (1922); and Sorenson v. Mosbacher, 210 Iowa 156, 230 N. W. 656 (1930).[1]

---

[1] See, also, Patton, Titles, § 158, p. 124, and 11 C. J. S., Boundaries, § 124, p. 737

The theory behind these decisions is that where a plat shows that each lot in a block has the same dimension but in fact there is a deficiency, the person who dedicates the plat is deemed to have intended that the subsequent owners of each lot receive property having the same dimension whether it be longer or shorter than that shown on the plat. However, where platted property is conveyed by metes and bounds, the law presumes that the grantor and grantee intended that property of the precise dimensions specified in the deed be conveyed. Accordingly, subsequent grantees are on notice of the exact boundaries which were included in the prior conveyance of adjoining property, and since the common grantor cannot twice convey the same property to different persons the second grantee must take what is left and absorb the deficiency.

As applied to the facts in this case, the Holmgrens by mesne conveyances were granted property, the east line of which extended 64.25 feet south from Idaho Avenue. This left only 251.34 feet along the east line of the Bondhus property consisting of Lots 1 through 6 and a part of Lot 7 instead of 255.75 feet as the plat indicated. The rule we here adopt therefore compels an affirmance.

Affirmed.

