[No. 9422. Department One. June 19, 1911.]

ALBA HRUBY, *Respondent*, v. C. LONSETH *et al.*, *Appellants*.[1]

BOUNDARIES—DEFICIENCY—APPORTIONMENT. The grantee, first in time, of a portion of a tract set off by metes and bounds, without references to other conveyances, is not required to yield any portion of his land to satisfy a deficiency in a subsequent overlapping grant from the common grantor; the rule of apportioning excess or deficiency having no application.

BOUNDARIES—PRACTICAL LOCATION — EVIDENCE — SUFFICIENCY. A practical location of a boundary line is not shown by mere notice that an adjoining owner made a private survey to establish the correct boundary, without proof that it was accepted or agreed to or that improvements were made with reference thereto.

APPEAL—RECORD—EXCEPTIONS TO FINDINGS. The evidence cannot be reviewed in the absence of exceptions to the findings of fact.

Appeal from a judgment of the superior court for King county, Yakey, J., entered July 16, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of ejectment. Affirmed.

*Daniel Landon* and *Moncrieffe Cameron*, for appellants.
*John E. Ryan* and *Grover E. Desmond*, for respondent.

PARKER, J.—This is an action to recover a strip of land 12½ feet wide and 100 feet long, lying contiguous to the

[1]Reported in 116 Pac. 26.

north and south boundary line of adjoining lands owned by the plaintiff and defendants respectively. The rights of the parties depend upon the proper location of the boundary line between their respective tracts. A trial before the court without a jury resulted in findings and judgment in favor of the plaintiff, and the defendants have appealed.

The findings of the trial court in favor of the respondent are very general. They are, in substance, that respondént is the owner of the land in dispute through mesne conveyance from the United States; that appellants have entered upon and wrongfully withhold possession of the land from respondent; and that appellants and their grantors have not been in possession of the land in dispute a sufficient length of time to acquire title thereto by adverse possession under either the seven or ten-year statute. We do not find in the record any exceptions to these findings, save a single general exception noted in the order denying the motion for new trial; nor are there any requests for findings of fact in any greater detail. Perhaps by reason of this we are not called upon to notice any disputed questions of fact; but since counsel for both sides devote portions of their argument to certain questions of fact, we will briefly notice some of their contentions in that regard, as well as the questions of law involved therein.

Appellants and respondent both hold title to their respective tracts through mesne conveyance from Jacob Galer, who, in 1882, owned all of government lots 5 and 6 in section 30. These lots are now in one of the residence districts of Seattle, and the particular strip of land in controversy runs north from Highland Drive 100 feet and is about midway between Fourth and Fifth avenues north. These government lots adjoin each other, extending along the north line of the section. The northeast corner of lot 5 is coincident with the north quarter corner of the section, and the northwest corner of lot 6 is coincident with the northwest corner of the section. The southwest corner of lot 5 is the starting

point of the first conveyance made by Galer of these lots. This conveyance was by deed from him to Arthur Burns, dated January 23, 1882, conveying by metes and bounds a four-acre tract, the east boundary of which was thereby fixed at 463 feet east of the west boundary of lot 5. This description is unqualified as to courses and distances. This conveyance is the source of respondent's title, under which she now owns a portion of this Burns tract along the east side thereof. Thereafter, on May 2, 1882, Galer conveyed to his daughter, Elizabeth Pratt, a certain tract of land supposed to join the Burns tract on the east, in which conveyance the description is by metes and bounds, commencing at the northeast corner of lot 5 and running south and west therefrom. This description makes no reference whatever to the Burns tract. Its courses and distances are absolute, as in the Burns deed. This is the source of appellants' title under which they own a lot in the southwest corner of the Pratt tract. These conveyances, and others following them, under which appellants and respondent claim title, apparently conflict by overlapping to the extent of the land here in controversy.

It is at once apparent that the fixing of the exact location of the southwest corner of lot 5 upon the ground will result in a ready determination of the exact location of the east boundary of the Burns tract, by measuring east from that corner the distance called for in that deed. Counsel for appellants seem to make some contention that that lot corner has not been correctly located upon the ground. It seems to us, however, the evidence shows almost beyond possibility of controversy that it is correctly located and with a great degree of exactness. It appears to have been located by the city engineering department of the city of Seattle, by measurements made strictly in accord with the rules applicable to subdividing government sections. The trial court made no special finding upon this subject, but must have concluded that such corner had been correctly located by the city, al-

though there is some evidence in the record that there had been a location made of this corner by a private survey some years previous which does not coincide exactly with that made by the city, it being some few feet farther to the west. Measuring from this corner as located by the city, it is clear that appellants are encroaching upon respondent's land 12½ feet, and that respondent's east line is located as claimed by her, and decreed by the court.

It is next contended that if there is a deficiency in the width of lot 5 measured from east to west, as seems apparent from the calls of the several descriptions in the deeds made by Galer of tracts in that lot, that such deficiency should be apportioned among the several owners holding under these deeds. We are quite unable to see that the rule of apportioning excess or deficiency between adjoining owners has any application here so far as the rights of respondent are concerned. She holds under the first deed made by Galer. That deed is given without any reference whatever to other conveyances made by him of land in lot 5. It being first in point of time, the grantee therein and his successors in interest are not required to yield any portion of their land to satisfy any subsequent grants made by Galer. This rule is too elementary to require discussion. 5 Cyc. 929. The metes and bounds description starting at a certain fixed point, and the priority of the date of the Burns deed, render the rule of apportionment invoked by counsel inapplicable to the question here involved.

It is contended that, contemporaneous with the giving of the deed from Galer to Burns in January, 1882, there was a practical location upon the ground of the east line of the Burns tract, established and agreed upon by the parties to that conveyance, and that the line so established is the same line now claimed by appellants to be the correct one. There is evidence that Galer had a survey made for the purpose of locating this line and others in lots 5 and 6. This survey we think is shown to have been made after the giving of the Burns

deed. Burns seems to have known of the making of the survey and saw the actual setting of some of the stakes, but we think the evidence is wholly deficient in showing that Burns or his grantees ever agreed to the survey as establishing the correct line. And there is nothing to show that they ever made improvements with reference to that survey. The evidence is not at all satisfactory as to just where that survey established the line, though it was apparently somewhat to the west of the line now found to be the true one. In any event, we think it was not binding on Burns or his grantees.

Some contention is made in behalf of appellants upon the ground of adverse possession. The court made specific findings against them upon this question, which were not excepted to. We think the findings are fully justified by the evidence, though as we have noticed, the question is probably not before us for want of exceptions to the findings. We discover no error in the record. The judgment is affirmed.

· DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.