[No. 15880. Department One. September 27, 1920.]

LONA SMITH, *Respondent*, v. A. H. CHAMBERS *et al.*, *Appellants.*[1]

BOUNDARIES (13)—LOCATION OF LINES—EVIDENCE—SUFFICIENCY. A boundary line between two donation claims is sufficiently shown by the evidence of surveyors who made surveys and testified that it was fixed and recognized since 1874 by monuments fixed in city streets.

ADVERSE POSSESSION (9)—HOSTILE ENTRY—ACTS OF OWNERSHIP—EVIDENCE—SUFFICIENCY. Title by adverse possession of a disputed strip along a boundary line is not shown by evidence that parts have been used for a garden and for piling wood and that grass had been cut upon it, where it was not fenced.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered November 28, 1919, in favor of the plaintiff, in an action to quiet title, tried to the court. Affirmed.

*Thomas M. Vance,* for appellants.

*Bigelow & Manier,* for respondent.

MAIN, J.—The purpose of this action was to quiet title to a disputed strip of ground and enjoin the defendants from constructing and maintaining a fence which the plaintiff claimed was constructed on her property. In the answer the defendants asserted a right to the disputed property, based both upon a

[1]Reported in 192 Pac. 891.

paper title and upon adverse possession. The trial to the court without a jury resulted in sustaining the plaintiff's claim of title. From the judgment so entered, the defendants appeal.

The respondent is the owner of lots one and two, in block two, of Main street addition to the city of Olympia. Main street addition as platted covered a portion of what is referred to as the Offut donation land claim. The north line of the respondent's two lots would coincide exactly with the north line of the Offut donation claim. The appellants are the owners of certain lots in Capital Place addition to the city of Olympia. This addition covers a part of what is referred to as the Sylvester donation land claim. The south line of the appellants' property would coincide with the south line of the Sylvester claim. The true dividing line between the property of the respondent and of the appellants would be the line between the two donation claims above mentioned. This is recognized by both parties. The strip of ground in dispute is approximately fourteen feet wide. The respondent has occupied her property for many years. Likewise the appellants have occupied their property for a great number of years. If the dividing line between the Offut and the Sylvester donation claims was where the respondent contends it was, then the property in dispute would be included within her paper title. If that line was where the appellants contend it was, then the property in dispute would be included within their paper title. Two engineers, called by the respondent, who were familiar with the property and had made surveys, testified that the dividing line between the Sylvester and the Offut claims was where the respondent contended it was. The engineer called by the appellants testified that he did not know where the true boundary line was between

the Sylvester and the Offut claims, and further, that that line could not be definitely ascertained without locating the monument at the southwest corner of the Sylvester claim, which monument could not be found or located. The trial court found "that the south line of the Sylvester donation claim has been fixed and recognized since 1874 by monuments fixed and established in Main and Water streets in said city at points 21.4 feet south of the north margin of said 18th street, and the same being the north line of the Levi H. Offut donation land claim, and for a like period of time has been recognized as such." Under the evidence, it seems that but one conclusion could be arrived at upon the question as to which paper title covered the property. The property in dispute was included within the property described in the respondent's deed as lots one and two in Main street addition to the city of Olympia.

The next question is whether the appellants have acquired title to the disputed strip by adverse possession. No fence had been erected until about a year and a half or two years prior to the institution of this action. At times since the respondent had owned her property she had used a part of the strip for the purpose of raising a garden thereon. The appellants testified that they, at times, had used a part of it for piling wood, that they mowed hay or grass from a part of it, and had devoted other portions to the raising of vegetables. There is some mention of trees that were planted which would mark the line as claimed by the appellants, but these trees are in a public street and not upon the property in dispute and can have no material bearing in determining the true line. The acts of ownership asserted by the appellants, giving them their full force and effect, are not of that character,

even if persisted in for a sufficient length of time, upon which title to real estate can be based. *People's Savings Bank v. Bufford,* 90 Wash. 204, 155 Pac. 1068. At the conclusion of the evidence the trial judge was requested to view the property in dispute for the purpose of enabling him to better understand and weigh the testimony. This he did, and is therefore in much better position to understand the exact situation than is this court from the record. After hearing the evidence and viewing the premises, the trial court sustained the respondent's title, and this conclusion is sustained by the evidence.

The judgment will be affirmed.

MACKINTOSH and TOLMAN, JJ., concur.