[No. 18722.    Department One.    January 9, 1925.]

# ST. ANTHONY & DAKOTA ELEVATOR COMPANY, *Respondent*, v. C. S. TURNER, *Appellant*.[1]

CORPORATIONS (245)—FOREIGN CORPORATIONS—EVIDENCE OF CORPORATE EXISTENCE. A certified copy of amended articles of a foreign corporation, filed some months after the making of the contract in suit, is sufficient evidence of its corporate existence.

SAME (259)—FOREIGN CORPORATIONS—RIGHT TO SUE. A foreign corporation may maintain an action in this state on a contract made in another state, without prepayment of an annual license fee to do business in this state, as provided by Rem. Comp. Stat., §§ 3853 to 3862; the commencement of an action here not being the "doing of business" in this state.

SAME (246)—FOREIGN CORPORATIONS—OBTAINING LICENSE—EXTRA-TERRITORIAL EFFECT OF LAW. In an action by a foreign corporation on a contract made in Montana, plaintiff is not required to prove that it had complied with the Montana revenue laws requiring the payment of a license fee to do business in that state.

Appeal from a judgment of the superior court for Lincoln county, Lindsley, J., entered February 21, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Cannon & McKevitt (Ferd J. Schaff,* of counsel), for appellant.

PEMBERTON, J. — Respondent secured judgment against appellant in the amount of $343.40 for one hundred and one bushels of wheat claimed to have been sold to appellant on the first day of May, 1920, at Gildford, Montana, from which judgment this appeal is taken.

Appellant claims that the wheat in question was sold to J. J. Peak and S. F. Butler, and not to appellant. J. J. Peak was the tenant of appellant. The

[1]Reported in 232 Pac. 288.

witnesses upon this point in controversy are in direct conflict. We are satisfied, however, that the record supports the finding of the trial court that the sale was made to appellant.

It is contended by appellant that ''respondent has no standing in court and is not entitled to maintain the action, much less to prosecute it to a conclusion and recover from appellant.''

The respondent alleges in its complaint that it is a corporation, organized under the laws of the state of Minnesota, having its principal place of business at Minneapolis; and further alleges that it is now, and during all the times mentioned was, authorized to transact business and buy and sell grain in the state of Montana. The appellant in his answer denies these allegations. The only proof of its corporate existence was a copy of an amended certificate of articles of incorporation, certified to by the secretary of state of Minnesota. This certificate shows that it had been filed in the office of the secretary of state on October 14, 1920, five and one-half months after the sale in question.

It is contended by appellant that the respondent company was required to aver the fact of its corporate existence and show by the evidence that it had complied with the laws of Montana, and had a right to transact business in Montana, and the laws of Montana are presumed to be the same as the laws of this state. Under the laws of this state, a foreign corporation is required to file its articles of incorporation under Rem. Comp. Stat., §§ 3853 to 3862 [P. C. §§ 4658 to 4667], and no corporation is permitted to commence or maintain an action in the courts of this state without alleging and proving that it has paid its annual license fee last due. This the respondent failed to prove.

We have held that bringing an action by a foreign corporation to collect an amount due is not transacting business in this state. *Lilly-Brackett Co. v. Sonnemann,* 50 Wash. 487, 97 Pac. 505; *Port Blakely Mill Co. v. Springfield Fire & Marine Ins. Co.,* 59 Wash. 501, 110 Pac. 36, 140 Am. St. 863, 28 L. R. A. (N. S.) 593; *Smith & Co. v. Dickinson,* 81 Wash. 465, 142 Pac. 1133.

While the certificate of the secretary of state shows that amended articles of the respondent company were filed on October 14, 1920, there is attached thereto a copy of the original articles showing they were filed with the secretary of state of Minnesota on the 2d of June, 1886, and the division superintendent testified that he had been in charge of the elevator at Gildford, Montana, operated by respondent, for the past ten years.

Respondent has failed to file a brief. We find, however, upon an independent investigation, that the statute requiring the payment of license fees by a corporation is a revenue measure for the benefit of this state alone, and has no extraterritorial effect.

"A provision of a statute which denies a foreign corporation a right to maintain actions in the courts of the state has no extraterritorial effect." 14A C. J. 1318.

The supreme court of Minnesota has passed upon the extraterritorial effect of the laws of this state as follows:

"In order to secure payment of a revenue license fee, the state of Washington denies to a corporation in default of such payment the right to sue in its courts; but that state still recognizes its existence as a corporation. So long as such a corporation is permitted to exist by the government of the state of its creation this state will not, for the purpose of enforcing the revenue laws of that state, deny to such a corporation the right to sue in our courts. We do not overlook the

principle that the capacity of a corporation and the powers possessed by it are, in a general sense, primarily determined by the laws of the state or country in which it was created, and that it can exercise no powers except those derived from its charter or the laws of that state. 1 Wharton, Conflict of Laws (3d ed.) § 105a. . . . We have here no question of the powers of this corporation to contract and to do business. Its powers in that particular are not questioned. We have no question of the dissolution of this corporation. It has not been dissolved. We have only the question whether we shall deny it the right to sue, as a penalty for its failure to contribute its share to the revenues of the state of Washington. On principle and authority we decline to do so, and we hold that plaintiff may maintain an action in this state.'' *Gulledge Brothers Lumber Co. v. Wenatchee Land Co.*, 122 Minn. 266, 142 N. W. 305, 46 L. R. A. (N. S.) 697.

The question as to whether or not the respondent had received the right to transact business in Montana at the time the cause of action arose, by the payment of a license fee to the state of Minnesota, is of no material importance so far as this state is concerned. The laws of this state apply alone to business arising in this state, and not to transactions without the state. *Bonham Nat. Bank of Fairbury v. Grimes Pass Placer Mining Co.*, 18 Idaho 629, 111 Pac. 1078.

The respondent has properly proven its corporate existence. The cause of action having arisen without this state, respondent was not required to prove the payment of its license fee to the state of Montana within which the cause of action arose.

The judgment of the trial court will be affirmed.

MAIN, C. J., BRIDGES, TOLMAN, and MITCHELL, JJ., concur.