[No. 19827. Department One. September 8, 1926.]

FRANK J. KENT et al., Appellants, v. W. R. HOLDERMAN
et al., Respondents.[1]

[1] ADVERSE POSSESSION (25)—HOSTILE POSSESSION—EXTENSION TO
BOUNDARIES OR FENCES. A good title is acquired by open and
notorious possession of land up to a boundary line fence, seven-
teen to thirty-four feet from the true boundary line, where it
was maintained for the period of the statute of limitations in a
manner clearly sufficient to put the adverse claimant on notice.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered November 27,
1925, in favor of the defendants, in an action to estab-
lish a boundary line and to quiet title, tried to the
court. Affirmed.

G. S. Bond, for appellants.

Gose & Crowe, for respondents.

FULLERTON, J.—The appellants, Kent are the owners
of some twenty acres of land situated in section 10,
Township 6 North, Range 35 East of the Willamette
Meridian, in Walla Walla county. The respondents
Holderman own a tract in the same section abutting
upon the appellants' property on the west for a dis-
tance of some one thousand two hundred fifty feet.
The respondents acquired their property in the year
1913, from a person who had acquired the title some
two years prior thereto.

At the time the respondents' predecessors in inter-
est acquired title to the land, it was inclosed by a fence,
and was so inclosed when the respondents acquired it.
In the year 1916, the fence between the tracts men-
tioned was rebuilt substantially upon the line of the

[1]Reported in 248 Pac. 882.

12—140 WASH.

original fence, the then owners of the appellants' tract joining in the work of rebuilding. Surveys of the tracts show that the fence dividing the properties, both as originally constructed and as rebuilt, extends over upon the appellants' property some seventeen feet on its south end and thirty-four feet on its north end, taking therefrom and enclosing with the respondents' property about eight-tenths of an acre. The present action was begun by the appellants to recover the tract so inclosed and to quiet their title thereto. To the complaint in the action, the respondents answered, averring, among other things as a defense, adverse possession during the period of the statute of limitations. The action was tried by the court below, sitting without a jury. The court, at the conclusion of the trial, sustained the claim of adverse possession, and entered a decree denying the appellants any relief.

[1] The contention of the appellants is that the evidence does not justify the conclusion of the court. They cite to us the rule we announced in the cases of *People's Savings Bank v. Bufford*, 90 Wash. 204, 155 Pac. 1068, and *Davis v. Kenney*, 131 Wash. 168, 229 Pac. 311, wherein we held, in effect, that the evidence of adverse possession in this class of cases must be direct and certain and of such a nature as to put the owner of the property on notice of the adverse claim; that "the disseisor 'must unfurl his flag on the land, and keep it flying, so that the owner may see, if he will, that an enemy has invaded his domains, and planted the standard of conquest;'" and argue that the evidence in the present record does not come within the rule. But it would serve but little purpose to enter upon an extended review of the evidence.

No two cases are alike in their facts, and, with respect to the facts, each case must stand upon its own bottom. The distinction between the facts of the pres-

ent case and the facts of the cited cases is that here there has been open and notorious possession by the respondents of the disputed tract for the period of the statute of limitations, clearly sufficient to put the adverse claimant on notice, maintained under a claim of right to the exclusion of the true owners, while in the cited cases there was not. The respondents have not only maintained possession of the property, but they have used it as their own. They have maintained the fences surrounding it, have cleared and drained it, and have put it to crop, making the same use of it that they made of the property of which it forms a part and to which they have unquestioned title. These considerations, we are clear, justify the conclusion that they now have title by adverse possession.

The judgment of the trial court will stand affirmed.

TOLMAN, C. J., HOLCOMB, ASKREN, and BRIDGES, JJ., concur.