[No. 20340.   Department One.   March 24, 1927.]

BANK OF GRESHAM, *Respondent*, v. JOSEPHINE JOHNSON
*et al., Defendants,* E. J. COLLINS *et al.,*
*Appellants.*[1]

[1] APPEAL (145)—EXCEPTIONS TO FINDINGS—NECESSITY.   Where no
exceptions are taken to findings of fact, the findings are con-
clusive on appeal.

[2] CORPORATIONS (259)—FOREIGN CORPORATIONS—RIGHT TO SUE.
Rem. Comp. Stat., § 3842, requiring prepayment of a corporate
license fee as a condition precedent to an action, has no ap-
plication where the corporation was not engaged in business in
this state.

[3] MORTGAGES (57, 64)—PRIORITIES BETWEEN MORTGAGES—RECORD.
Where two mortgages were executed on the same day, the one
first filed takes priority, where it was acquired in good faith
without any knowledge of any agreement that the other was to
be a first lien, there being nothing on the face of either to
put a prudent man upon inquiry.

Appeal from a judgment of the superior court for
Clark county, Simpson, J., entered May 25, 1926, upon
findings in favor of the plaintiff, in an action to fore-
close a mortgage.   Affirmed.

*R. C. Sugg,* for appellants.

*George Arthur Brown* and *McDannell Brown,* for
respondent.

MAIN, J.—The plaintiff brought this action to fore-
close a real estate mortgage.   The defendants E. J.
Collins and wife resisted the action, claiming that they
had a mortgage covering the same property which was
prior.   The cause was tried to the court without a
jury and resulted in findings of fact, conclusions of
law and judgment sustaining the prior right of the
plaintiff's mortgage and ordering a foreclosure

[1]Reported in 254 Pac. 464.

thereof. From this judgment Collins and wife appeal.

The facts are these: The respondent was a corporation engaged in the banking business in the state of Oregon. Appellants owned a ranch in Clark county, Washington. Soren Peterson and wife owned property in South Bend. Thompson, Swan and Lee were engaged in the real estate business in the city of Vancouver. On the 9th day of June, 1924, appellants exchanged the Clark county farm for the South Bend property owned by Peterson and wife. To cover the difference in the value of the respective properties Peterson and wife gave to appellants a mortgage upon the ranch for the sum of four thousand one hundred dollars. On the same day they gave to Thompson, Swan and Lee a mortgage for one thousand one hundred twenty-five dollars. There was a two thousand five hundred dollar mortgage upon the property which was prior to either of these mentioned, but that mortgage is not involved in this proceeding. The mortgage to Thompson, Swan and Lee was filed for record in the auditor's office of Clark county at eight o'clock a. m. on the 10th day of June, 1924. The appellants' mortgage was filed for record on the day following or the 11th day of June at 8 a. m. The appellants claim that it was agreed that their mortgage should be second only to the two thousand five hundred dollar mortgage that was on the property at the time of the exchange and that it should be superior to any other mortgage. On July 10, 1924, Thompson, Swan and Lee sold and transferred their mortgage to Estella McGrail. On June 1, 1925, Mrs. McGrail sold and transferred this mortgage to the respondent and received full value therefor. Before purchasing the mortgage the respondent caused its attorney to examine the record and it was ascertained from this exam-

ination that the Thompson, Swan and Lee mortgage was filed prior to that of the appellants.

The principal question in the case is whether, when the attorney examined the record and ascertained that the mortgages were dated on the same day but the appellants' mortgage filed for record one day subsequent, he was required to make inquiry as to whether there was any agreement at the time the mortgages were executed as to which should have priority. Before considering this question two preliminary questions will be disposed of.

[1] The appellants claim that the action should fail because there was no proof of the corporate existence of the respondent. The complaint alleged that it was a corporation, and this was denied by the answer. The trial court found that the respondent was a corporation duly organized and existing under the laws of the state of Oregon and this finding was not excepted to. There being no exceptions the findings of the trial court established the fact for the record upon appeal. *Hruby v. Lonseth,* 63 Wash. 589, 116 Pac. 26; *Washington Trust Co. v. Local etc. Tel. Co.,* 73 Wash. 627, 132 Pac. 398.

[2] The appellants also claim that there was no proof that the respondent had paid its annual license fee last due as required by Rem. Comp Stat., § 3842 [P. C. § 4647]. The respondent being a foreign corporation and not engaged in business in this state was not required to comply with this section of the statute in order to maintain its action. *Port Blakely Mill Co. v. Springfield F. & M. Ins. Co.,* 59 Wash. 501, 110 Pac. 36; *St. Anthony & Dakota Elevator Co. v. Turner,* 132 Wash. 419, 232 Pac. 288.

[3] Returning now to the question upon the merits it did not appear upon the face of the Thompson, Swan and Lee mortgage that it was to be junior to the mort-

gage of the appellants. Neither did it appear on the face of the appellants' mortgage that it was to be prior to that given Thompson, Swan and Lee. There was nothing on the face of either mortgage that would indicate or hint at any agreement or understanding as to which mortgage should have priority. In *Weldfelt v. Hart,* 126 Wash. 100, 217 Pac. 723, it was said:

"When a deed is inspected, the person making the inspection is charged with notice of only those facts which the contents of the deed reasonably import, and he should not be charged with constructive notice unless the contents of the deed are such as would naturally necessitate a suspicion in the mind of a reasonably prudent man and result in inquiry."

There was nothing on the face of the mortgages in question which would naturally cause a suspicion to the mind of a reasonably prudent man of the necessity of making inquiry as to what understanding or agreement there may have been, if any, at the time the mortgages were executed.

Something is said in the briefs relative to the claim of the appellants that their mortgage was for purchase money or what amounted to the same thing. The Thompson, Swan and Lee mortgage being filed for record first, and the respondent having acquired it without knowledge or notice as to any outside agreement, is prior and superior even though the appellants' be a purchase money mortgage. Thompson on Real Property, vol. 5, § 4142; *Wakefield v. Fish,* 62 Wash. 564, 114 Pac. 180.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FRENCH, and FULLERTON, JJ., concur.