[No. 25078.   Department Two.   August 15, 1934.]

J. P. MITTET, *Appellant*, v. NIELS F. HANSEN, *Respondent*.[1]

*Alfred C. Oleson*, for appellant.
*Marion Garland*, for respondent.

HOLCOMB, J.—This is a boundary controversy, involving, as the trial court observed, so far as the value of the land in dispute is concerned, not to exceed ten dollars. After a trial to the court, it made, in substance, the following material findings: That appellant and respondent are the owners and possessed of adjoining tracts, which are parts of lot 5 and the north 100 feet of lot 6, section 21, township 25, north of

[1]Reported in 35 P. (2d) 93.

range 1, E. W. M., Kitsap county; that respondent has for more than ten years last past, prior to the commencement of this suit, had the continual, open, notorious and adverse possession of all the real property lying east of that certain fence erected by respondent along the east line of appellant's property, and that respondent properly and lawfully constructed the fence.

The contention of appellant is based upon the assertion that the evidence does not justify the findings, conclusions and decree of the court. The evidence of respondent and of one Greaves, who had been very familiar with both properties for many years and who was disinterested, was fairly convincing to the effect that Bergstrom, a predecessor in interest of appellant, immediately after the purchase by respondent of his land in 1912, showed respondent the line in dispute, and also informed Greaves that a row of stakes which had been set up by the predecessor of respondent was the dividing line. Greaves also testified that the fence built by respondent between his land and Bergstrom's was in the same approximate place as the row of stakes which had been shown him by Bergstrom as the dividing line. An old fence had been built by Williams, a predecessor in interest of respondent, which remained there a number of years but was removed on account of blackberry bushes growing over it, though the row of stakes was left along the old fence line.

After respondent purchased the land in 1912, he built his house and a woodshed on the property, and later, in 1920, built a garage. He immediately commenced to clear out his half acre to or near the dividing line agreed to between himself and Bergstrom, and planted his first garden on the property in 1913. He had the entire tract clear in 1916. In clearing, re-

spondent left a row of trees along the dividing line, and shortly before the commencement of this action built a fence along the line which had been agreed between himself and Bergstrom in 1912.

In 1926, Bergstrom died, and his property was sold in 1927 to appellant. Appellant claims to have surveyed the land before buying the property in 1927, and knew that the line ran through the house of respondent, his garage and cultivated land, and therefore knew that respondent claimed title to the disputed land.

The trial court aptly observed, and this court has stated, that no two cases of this kind are alike in their facts and each must stand upon its own bottom. *Kent v. Holderman,* 140 Wash. 353, 248 Pac. 882.

Appellant contends that, upon its facts, this case is governed by the decisions of this court in: *Lohse v. Burch,* 42 Wash. 156, 84 Pac. 722; *Hruby v. Lonseth,* 63 Wash. 589, 116 Pac. 26; *Skansi v. Novak,* 84 Wash. 39, 146 Pac. 160; *Peoples Savings Bank v. Bufford,* 90 Wash. 204, 155 Pac. 1068; *Smith v. Chambers,* 112 Wash. 600, 192 Pac. 891; *Santmeyer v. Clemmancs,* 147 Wash. 354, 266 Pac. 148; *Downie v. Renton,* 167 Wash. 374, 9 P. (2d) 372. These cases, on their own peculiar facts and circumstances, are not in point.

On the facts and circumstances governing this case, it is controlled by the *Kent* case, *supra,* which is not cited by either party, in which we said:

"Here there has been open and notorious possession by the respondents of the disputed tract for the period of the statute of limitations, clearly sufficient to put the adverse claimant on notice, maintained under a claim of right to the exclusion of the true owners, while in the cited cases there was not."

In the instant case, there was open and notorious possession by respondent and his predecessor in inter-

est of the disputed tract for a period much longer than the statute of limitations, maintained under a claim of right to the exclusion of the true owner, if any.

The facts and circumstances in this case also bring it within the reasoning and decisions of this court in *Weingarten v. Shurtleff,* 51 Wash. 602, 99 Pac. 739, and *King v. Bassindale,* 127 Wash. 189, 220 Pac. 777, cited by respondent, and the following cases, not cited by either party: *Foote v. Kearney,* 157 Wash. 681, 290 Pac. 226; *Pacific Power & Light Co. v. Bailey,* 160 Wash. 663, 295 Pac. 943; *White v. Branchick,* 160 Wash. 697, 295 Pac. 929.

In the *Pacific Power & Light Co.* case, *supra,* we took occasion to approve a text from 2 C. J. 122, to the effect that the term "hostile" as used in such cases does not import enmity or ill-will, but rather imports that the claimant is in possession as owner, in contradistinction to holding in recognition of or subordination to the true owner. This answers a contention of appellant that the possession of respondent of the disputed strip for longer than the ten year period was permissive only, and *not hostile or adverse.*

Appellant lays great stress upon an answer by respondent in his cross-examination that he had no intention of claiming more land than to the true boundary line. That is not inconsistent with his contention that his true boundary line was to the line that had been agreed upon between himself and Bergstrom, and is entirely consistent with honesty and fair dealing.

We have no hesitancy in concluding that the judgment is right on the facts and the law.

Affirmed.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.