[No. 28367. Department One. August 1, 1941.]

L. W. FOSDICK *et al., Respondents,* v. RUSSELL B. MIDDENDORF *et al., Appellants.*[1]

[1]Reported in 115 P. (2d) 679.

*J. W. Graham,* for appellants.

*Chas. R. Lewis,* for respondents.

MAIN, J.—This action was brought to recover damages for personal injuries, damages to an automobile, and for loss of income by reason of personal injuries sustained. The cause was tried before the court and a jury, and resulted in a verdict in favor of plaintiffs in the sum of one thousand dollars. The defendants moved for a judgment notwithstanding the verdict, and, in the alternative, for a new trial, both of which motions were overruled. From the judgment entered upon the verdict, the defendants appeal.

The West Coast Power Company is a corporation organized under the laws of the state of Delaware, and authorized to do business in this state. Russell B. Middendorf and Flora Middendorf are husband and wife, and Mr. Middendorf is an employee of the power company. The respondents, L. W. Fosdick and Goldie Fosdick, are husband and wife.

The accident out of which this action arose occurred on the Olympic highway, a short distance southerly of the south city limits of the city of Shelton, between eight-thirty and nine o'clock on the evening of March 29, 1938. The Olympic highway extends south from the city of Shelton, and is paved to a width of twenty feet. To the west of this road, and practically parallel therewith, there is a gravel one-way roadway, and upon this gravel road the respondents reside. The distance between the highway and the gravel road is probably less than thirty feet. An automobile traveling south on the highway, in order to enter the gravel road, must swing to the left and then turn to the right at an acute angle.

At the time of the accident, the respondents had left the city of Shelton and were proceeding down the high-

618

way in a Chevrolet sedan, intending to return to their home. Mr. Middendorf, in a light truck owned by the power company, was going in the same direction some distance behind the Chevrolet. As the Chevrolet approached the place where the gravel road enters the highway, Mr. Fosdick, the driver thereof, swung to the left, as he says, to the extent that the two left wheels were over the center strip in the pavement. On the opposite side of the highway, there was a parking space, but no road entered the highway from that side.

The driver of the truck says that the Chevrolet swung clear across the highway and onto the parking strip, and then was turned to the right and proceeded across the highway to enter the gravel road. The witnesses for the respondents say that the collision occurred when the Chevrolet was in the gravel road, with only the rear wheels on the pavement of the highway. The driver of the truck says that the collision occurred when only the front part of the Chevrolet was off of the pavement.

The truck struck the Chevrolet at the right front door and Mrs. Fosdick, who was in the front seat on that side of the car, sustained the personal injuries for which recovery is sought. The Chevrolet was damaged to some extent, though not greatly, and as a result of the accident, Mrs. Fosdick had to give up the employment which she had at that time.

At the time of the accident, no car was approaching from the south. The respondents say that Mr. Fosdick, two hundred feet before reaching the place where they were going to turn, gave the signal which is required by law for a right-hand turn, and continued to give that signal for a distance of approximately two hundred feet. The driver of the truck says that, when he came closer to the Chevrolet and he saw it pull to the left, he slowed down his speed, and then, as he says, when

he saw it cross over to the parking strip, he increased his speed.

There are no assignments of error in this case relative to instructions given or refused, to evidence received or rejected, or to the amount of the verdict.

As we view it, there are but two questions for determination. One is, whether it can be said, as a matter of law, that the driver of the truck was not guilty of negligence in attempting to pass to the right of the Chevrolet. The other is, whether the driver of the Chevrolet was guilty of contributory negligence, as a matter of law, in swinging to the left in order to make the acute turn into the gravel road.

When a motion for judgment notwithstanding the verdict is made, it admits the truth of all of the plaintiff's evidence and all inferences that can reasonably be drawn therefrom, and requires that the evidence be interpreted most strongly against the defendant and in the light most favorable to the plaintiff. *Vercruysse v. Cascade Laundry Co.*, 193 Wash. 184, 74 P. (2d) 920; *Lindberg v. Steele*, 5 Wn. (2d) 54, 104 P. (2d) 940.

A case will not be taken from the jury on the ground of contributory negligence unless such negligence is so clearly shown that reasonable minds cannot reach a different conclusion with reference thereto. *Shinkle v. North Coast Transportation Co.*, 172 Wash. 276, 19 P. (2d) 1111.

There is no reason to multiply citations in support of the rules just stated because they are well known and have been many times stated in the decisions of this court.

The appellants say that the driver of the Chevrolet was guilty of contributory negligence in swinging the Chevrolet to the left in order to make the turn; and

in this connection they call our attention to Rem. Rev. Stat., Vol. 7A, § 6360-84 [P. C. § 2696-842], which provides that any person, driving any motor vehicle upon any public highway in this state and desiring to make a turn to the right,

"  . . . shall seasonably and prudently drive such vehicle as close as is practicable to the extreme right-hand edge of said roadway a reasonable distance before the point of making such turn."

It will be observed that the statute says that the vehicle must be driven as close "as is practicable to the extreme right-hand edge of said roadway." The evidence shows, and is not in dispute, that, in order to make the acute turn, it was necessary to swing to the left to some extent. It follows from this that it was not practicable to keep the Chevrolet close to the right-hand edge of the pavement. There was, therefore, no violation of this provision in the statute, and cases cited holding that a thing done in violation of positive law is in itself negligence, have no application.

No two automobile collision cases are exactly alike, and no fixed rule can be laid down as to questions of primary negligence or contributory negligence. Each case must be determined by certain general principles which have been definitely established. *Kent v. Holderman,* 140 Wash. 353, 248 Pac. 882; *Hefner v. Pattee,* 1 Wn. (2d) 607, 96 P. (2d) 583. The jury apparently accepted the evidence of the respondents as to how the accident happened, rather than that of the appellants.

Our conclusion is that the question of whether the driver of the truck was negligent in attempting to pass to the right of the Chevrolet, under the attendant circumstances, was a question of fact for the jury, and not a question of law for the court. Likewise, the question of whether the driver of the Chevrolet was guilty of

contributory negligence was also a question of fact for the jury.

The judgment will be affirmed.

ROBINSON, C. J., BLAKE, SIMPSON, and DRIVER, JJ., concur.

