920 P.2d 39

**Louis HARAMBASIC and Lula Harambasic, husband and wife, Plaintiffs–Appellees,**

v.

**Eric Robert OWENS, a married man dealing with his sole and separate property; Lief Robert Owens, a married man dealing with is sole and separate property; Garth Robert Owens, a married man dealing with his sole and separate property; Homer Owens, a married man dealing with his sole and separate property, Defendants–Appellants.**

No. 1 CA–CV 95–0344.

Court of Appeals of Arizona, Division 1, Department E.

June 27, 1996.

Murphy, Lutey, Schmitt & Beck by Bruce E. Rosenberg, Prescott, for Defendants–Appellants.

Law Offices of L. Richard Mabery by L. Richard Mabery, Prescott, for Plaintiffs–Appellees.

## OPINION

KLEINSCHMIDT, Judge.

This is an appeal from an order of the trial court granting a landowner a prescriptive appurtenant easement over a neighbor's property. We reaffirm the rule that when a person uses an easement over the land of another in an open, visible, continuous and unmolested manner, there is a presumption that the use is hostile to the title of the owner of the land, and under a claim of right, as opposed to the use being permissive.

The Harambasics and the Owenses own adjoining parcels of land in southern Yavapai County. The Harambasics acquired their land in 1973 and the Owenses bought theirs in 1982. There are two roads that provide access to the Harambasics' property. The first road, the one in question, is known as the river road. In some places it follows the bed of the Hassayampa River and it crosses the Owenses' property. It is the shorter and better way to the Harambasics' property. The other road, which is considerably longer and rougher, runs through state land along the east bank of the Hassayampa and is used primarily when the river runs high.

The Harambasics used the river road without incident from the time they acquired their land in 1973 until at least 1984. Louis Harambasic testified that he used the road and had never asked anyone for permission to do so because he believed he had just as much right to use it as did the Owenses or their predecessors. In 1984 or 1985, the Owenses erected a wire fence across the road. The Harambasics cut the fence, and the Owenses called the county sheriff, who came to the scene and told the Harambasics to re-erect the fence and to use another route until the matter was resolved. A short time later, the Owenses, purporting to give the Harambasics permission to use the road, acceded to the removal of the fence.

Four years later, however, the Owenses again obstructed the Harambasics' access by parking a truck across the road and mound-ing dirt on it. The Harambasics sued, claiming, among other things, that they had acquired a prescriptive easement to use the road.

■ To obtain a prescriptive easement, a person must establish that the land in question has actually and visibly been used for ten years, that the use began and continued under a claim of right, and the use was hostile to the title of the true owner. *Ammer v. Arizona Water Co.*, 169 Ariz. 205, 208, 818 P.2d 190, 193 (App.1991); Ariz.Rev.Stat. §§ 12–521(A), 12–526(A). The trial judge found that the Harambasics had used the river road without objection or obstruction from 1973 to 1984 in an "open, visible, continuous and unmolested manner." He decreed that the Harambasics were entitled to use the road because they had established a prescriptive easement before the Owenses first blocked it.

The Owenses argue that the Harambasics never acquired a prescriptive easement because the Harambasics did not prove, and the judge did not find, that their use of the Owenses' property was hostile and under a claim of right. Instead, the Owenses say, the Harambasics' use of the road was permissive and a matter of "neighborly accommodation." If that were true, there would be no prescriptive easement. *See Etz v. Mamerow*, 72 Ariz. 228, 232, 233 P.2d 442, 446 (1951).

■ The Owenses rely on the case of *La-Rue v. Kosich*, 66 Ariz. 299, 187 P.2d 642 (1947), for the proposition that any use of another's property is presumptively permissive and not hostile. In one respect *LaRue* is a confusing case. It does say, based on a California decision, *Clarke v. Clarke*, 133 Cal. 667, 66 P. 10 (1901), that the mere use of an easement is not presumed to be hostile, but then, paradoxically, the decision goes on to approve the opposite rule which is found in a Montana case, *Glantz v. Gabel*, 66 Mont. 134, 212 P. 858, 860 (1923):

"Where the claimant has shown an open, visible, continuous, and unmolested use of the land of another for the period of time sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right, and not by license

of the owner. In order to overcome this presumption, thereby saving his title from the incumbrance of an easement, the burden is upon the owner to show that the use was permissive. This rule is sustained by the great weight of authority."

*LaRue*, 66 Ariz. at 306, 187 P.2d at 646 (quoting *Glantz, supra*). The reason the court in *LaRue* appeared not to have applied the presumption that the use was hostile was because the facts in *LaRue* showed that the use was permissive. The *Glantz* rule, in fact, had been adopted in Arizona a year before *LaRue* was decided, in *Gusheroski v. Lewis,* 64 Ariz. 192, 167 P.2d 390 (1946). California Courts now decline to follow *Clarke v. Clarke* and have adopted the presumption that a use is under a claim of right. *See MacDonald Properties, Inc. v. Bel-Air Country Club,* 72 Cal.App.3d 693, 140 Cal.Rptr. 367, 373 (1977), and cases cited therein. *MacDonald Properties* was approved by the Supreme Court of California in *Warsaw v. Chicago Metallic Ceilings, Inc.,* 35 Cal.3d 564, 199 Cal.Rptr. 773, 777, 676 P.2d 584, 588 (1984).

■ At least one other Arizona case, decided after *LaRue*, has also applied the presumption that an adverse use is under a claim of right and is not permissive. *Brown v. Ware,* 129 Ariz. 249, 251, 630 P.2d 545, 547 (App.1981); *accord United States v. Platt,* 730 F.Supp. 318, 321 (D.Ariz.1990). Given the presumption that arose in the case, the Owenses had the burden of proving the use was permissive. This they failed to do.

■ The Harambasics have requested attorney's fees on appeal pursuant to A.R.S. section 12–341.01(C), asserting that the appeal is groundless. We disagree and therefore deny the request for attorney's fees.

The judgment of the trial court is affirmed.

SULT, P.J., and GERBER, J., concur.