NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

EARL LOUIS WHITMORE and JOHN B. WHITMORE,
*Plaintiffs/Appellants*,

*v.*

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,
*Defendant/Appellee*.

No. 1 CA-CV 14-0839
FILED 12-24-2015

---

Appeal from the Superior Court in Maricopa County
No. CV2012-011581
The Honorable Mark H. Brain, Judge

**AFFIRMED**

---

COUNSEL

Earl L. Whitmore and John B. Whitmore, Phoenix
*Plaintiffs/Appellants*

Beaugureau, Hancock, Stoll & Schwartz, PC, Phoenix
By Anthony J. Hancock, W. Reed Campbell
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

**GOULD**, Judge:

¶1          Appellants Earl L. Whitmore and John B. Whitmore, ("the Whitmores"), appearing *in propria persona*, appeal the trial court's judgment granting Appellee Union Pacific Railroad Company ("Union Pacific") a prescriptive easement across a portion of their property to operate railroad tracks.  The Whitmores also challenge the trial court's rejection of their claims for damages stemming from Union Pacific's use of the tracks.  For the reasons set forth below, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2          The Whitmores appeal from a grant of summary judgment; we therefore recite the facts in a light most favorable to them.  *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 482, ¶ 13 (2002).  The Whitmores raise farm animals on land they have owned since 1973 and leased from the prior owner from 1960 to 1973.  Unbeknownst to them, the prior owner entered into an "Easement Agreement" with Union Pacific's predecessor-in-interest in 1960 establishing an easement to build and operate railroad tracks on part of the land.  The Easement Agreement provided that, if the railroad did not build tracks within two years, the easement would expire.  According to the Whitmores, the tracks were not completed until 1975.

¶3          The Whitmores filed suit against Union Pacific in 2012, alleging that Union Pacific's use of the tracks had damaged their land in numerous ways.  Union Pacific counterclaimed to quiet title, contending that it either held an express easement under the Easement Agreement or that it had established a prescriptive easement through its longstanding use of the tracks.  Union Pacific then moved for summary judgment on the Whitmores' breach of contract claim and its counterclaim, which the trial court granted.

¶4          The Whitmores then filed an amended complaint restating the alleged harms they alleged were "a direct result of [Union Pacific] being

on their property." Union Pacific moved for a more definite statement under Ariz. R. Civ. P. 12(e), and the trial court granted the motion. The Whitmores then filed a second amended complaint stating approximate dates ranging from the 1970s to 2012 for each alleged harm. Union Pacific responded with a second motion for more definite statement, as well as two partial motions to dismiss.

¶5            The trial court granted both partial motions to dismiss, at which point the Whitmores withdrew the remainder of their second amended complaint. The trial court entered final judgment granting Union Pacific an easement and assessing costs and attorneys' fees against the Whitmores. The Whitmores timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

I.      **The Trial Court Properly Granted Summary Judgment on The Whitmores' Breach of Contract Claim and Union Pacific's Quiet Title Claim.**

¶6            The Whitmores challenge the grant of summary judgment to Union Pacific on its quiet title claim.[1] We review the grant of summary judgment *de novo* to determine whether any genuine issue of material fact exists, viewing the evidence and all reasonable inferences in favor of the non-moving parties. *Russell Piccoli P.L.C. v. O'Donnell*, 237 Ariz. 43, 46-47, ¶ 10 (App. 2015). Summary judgment is appropriate only "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c)(1) (2012).

¶7            In order to establish a prescriptive easement, Union Pacific had to show that it actually and visibly used the land allegedly subject to the easement for a specific purpose for ten years, that the use began and continued under a claim of right, and that the use was hostile to the Whitmores' title. *Paxson v. Glovitz*, 203 Ariz. 63, 67, ¶ 22 (App. 2002).

---

[1]      The Whitmores do not challenge the trial court's ruling on their breach of contract claim, the rulings granting the motions for more definite statement, or the rulings granting the partial motions to dismiss.

### A. Union Pacific Actually and Visibly Used the Tracks for More Than Ten Years Before the Whitmores Filed Suit.

¶8 The Whitmores first contend that the trial court improperly granted summary judgment because the parties do not agree as to when the train tracks were built. But the parties agree that the tracks were completed by 1975 at the latest. The Whitmores further concede that Union Pacific has used and maintained the tracks since they were completed. Union Pacific and/or its predecessor thus actually and visibly used the tracks for significantly more than ten years before the Whitmores filed suit in 2012.

### B. Union Pacific Used the Tracks Under a Claim of Right.

¶9 Once a claimant shows open, visible, and continuous use of the land for ten years, a presumption arises that the use was under a claim of right. *Gusheroski v. Lewis*, 64 Ariz. 192, 198 (1946); *Inch v. McPherson*, 176 Ariz. 132, 136 (App. 1992). The Whitmores try to rebut this presumption by contending Union Pacific did not "fly the flag" over the disputed land, citing *Knapp v. Wise*, 122 Ariz. 327 (App. 1979).

¶10 *Knapp* does not support the Whitmores' position. The *Knapp* court found that the act of fencing in disputed property was sufficient to "fly the flag" and put the owners on notice of an adverse claim. *Id*. at 329. Again, the Whitmores do not dispute that Union Pacific has operated trains on the tracks since at least 1975. They had ample notice that Union Pacific was using the tracks under a claim of right.

¶11 The Whitmores also contend Union Pacific admitted that genuine issues of material fact existed when it alleged that there was "an actual, justiciable controversy … regarding whether Union Pacific has an easement to use the subject property … ." The Whitmores are incorrect; this allegation relates to the trial court's jurisdiction to grant declaratory relief under A.R.S. § 12-1831. *See, e.g., Canyon del Rio Investors, L.L.C. v. City of Flagstaff*, 227 Ariz. 336, 341, ¶ 18 (App. 2011) (declaratory judgments can be sought "[w]hen a justiciable controversy exists"). The Whitmores thus did not establish any genuine issues of material fact as to whether Union Pacific's use of the tracks was under a claim of right.

### C. Union Pacific's Use Was "Hostile."

¶12 Because Union Pacific's longstanding use of the tracks was undisputed, the Whitmores also bore the burden to show that the use was not hostile. *Spaulding v. Pouliot*, 218 Ariz. 196, 201, ¶ 14 (App. 2008) (citing *Gusheroski*, 64 Ariz. at 198). The Whitmores first contend Union Pacific's

use was not hostile because they "did not interfere with the laying of the tracks; they did not call the police to try to stop the railroad and they never asked the railroad to leave the property." But the Whitmores also acknowledge that they never gave Union Pacific permission to use the tracks. The Whitmores' unwillingness to "call the police" or "interfere with the laying of the tracks," standing alone, does not convert Union Pacific's use into a permissive use. *See Lewis v. Pleasant Country, Ltd.*, 173 Ariz. 186, 190 (App. 1992) ("In order for a possession to be permissive, the possessor must acknowledge that he holds the property in subordination to the owner's title"); *see also Inch*, 176 Ariz. at 135-36 (finding that placing gravel on disputed land and using it as a driveway was sufficient to deem use hostile).

¶13        The Whitmores also contend Union Pacific's use was not hostile because it commenced under the Easement Agreement. Even assuming the easement provided for in the Easement Agreement expired as the Whitmores contend, Union Pacific's continued use of the tracks under the mistaken belief that it held an express easement would satisfy the hostility element. *Inch*, 176 Ariz. at 135.

¶14        For these reasons, we affirm the trial court's order granting summary judgment on the Whitmores' breach of contract claim and Union Pacific's quiet title claim.

## II.     The Whitmores Presented No Evidence of "Improper Courtroom Behavior."

¶15        The Whitmores allege that the trial judge improperly "encouraged the railroad to file a motion for summary judgment" during a status conference. We have reviewed the transcript excerpt provided and find no improprieties.

¶16        The Whitmores also argue that the trial court should not have granted summary judgment because the motion "was set on a court date and ruled on by the judge when the Whitmores were not there to defend their position … ." Appellants offer no evidence to show why their failure to attend the scheduled hearing should be excused or that their attendance would have changed the trial court's decision. *See* Ariz. R. Civ. P. 5.1(b) (stating that attorneys "shall be responsible for keeping advised of … any assignments for hearing or argument"); *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000) ("[A] party who conducts a case without an attorney … is held to the same standards expected of a lawyer.").

### III. The Whitmores Did Not Oppose the Motion to Dismiss Their "Continuing Harm" Claims Below.

¶17 Finally, the Whitmores contend some of the damages claims in their second amended complaint were not barred by the applicable statutes of limitations because they were "continuing" in nature. They point specifically to paragraphs 11(d), (f) and (h) of their second amended complaint, which the trial court dismissed on Union Pacific's motion. However, the Whitmores did not oppose Union Pacific's motion to dismiss below, and then after the motion was granted withdrew the remaining allegations in their second amended complaint. Under these circumstances, the Whitmores cannot oppose the dismissal of these damage claims for the first time on appeal. *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000).

### CONCLUSION

¶18 We affirm the trial court's rulings as set forth above. We grant Union Pacific its costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama