507 P.2d 994

**GOSPEL ECHOS CHAPEL, INCORPORATED, an Arizona corporation, Appellant,**

v.

**Griffith L. WADSWORTH, Sr. and Fern M. Wadsworth, his wife, Appellees.**

No. 1 CA–CIV 1922.

Court of Appeals of Arizona,
Division 1,
Department A.

March 27, 1973.

Rehearing Denied May 7, 1973.

Review Denied July 3, 1973.

George W. Oglesby, Phoenix, for appellant.

Stockton & Hing, by Robert Ong Hing, Phoenix, for appellees.

OGG, Judge.

This case involves a dispute over the ownership of a strip of land approximately 3.2 feet wide that forms the common border between property owned by the appellant, Gospel Echos Chapel, Incorporated, an Arizona corporation, and Griffith L. Wadsworth, Sr. and Fern M. Wadsworth, his wife, appellees.

The history of the land transaction material to this case is as follows:

1. Both parcels of land were originally owned by Grace Community Church;

2. In 1954 the north parcel, now belonging to Wadsworth, was conveyed to W. E. Band;

3. In 1956 or 1957 Band, who was then the minister for Grace Community Church, received permission to construct a sidewalk along approximately two-thirds of the distance of the common boundary line which encroached on the south parcel belonging to Grace Community Church;

4. In 1959 the south parcel was conveyed to Gospel Echos Chapel;

5. In 1960 Band sold the north parcel to Edward A. Mierzwinski, et ux;

6. In 1962 Mierzwinski sold to the Wadsworths, the appellees.

The Wadsworths claim title to the property covered by the sidewalk and also to a 3.2 foot strip of land continuing west along the common boundary under the doctrine of adverse possession. Our statute on adverse possession, 4 A.R.S. § 12–526, reads as follows:

"A. A person who has a cause of action for recovery of any lands, tenements or hereditaments from a person having peaceable and adverse possession thereof, cultivating, using and enjoying such property, shall commence an action therefor within ten years after the cause of action accrues, and not afterward."

The trial court found that the Wadsworths, and the Mierzwinskis—their predecessors in interest—had acquired title to the disputed property under the doctrine of adverse possession. It is from this judgment that Gospel Echos Chapel now appeals.

The record discloses the following pertinent events relative to the disputed property. There was an oleander hedge separating the property but no formal boundary markers were pointed out or observed by the Mierzwinskis or the Wadsworths at the time they purchased the property. They all testified that they assumed the sidewalk was part of their purchase although the sidewalk ran along the church side of the

oleander hedge. There is nothing in their deeds showing the disputed property to belong to the parcel purchased and no one ever told them such was the case. The Wadsworths, appellees, and their predecessors in interest, the Mierzwinskis, used the walk openly and without any interference from Gospel Echos Chapel, the record owner of the disputed property. This peaceful use continued for over ten years, until such time as the Wadsworths decided to fence the disputed property. Gospel Echos Chapel had the fence removed and this event triggered the lawsuit. Neither the Mierzwinskis nor the Wadsworths ever attempted to discuss the claim of ownership with any of the members or officers of the Gospel Echos Chapel. All parties involved jointly used the walk and there was never any attempt to exclude anyone from using the disputed property until the fencing incident. Both the Wadsworths and the Mierzwinskis testified each claimed the disputed property west of the sidewalk by reason of the fact they occasionally mowed the grass and trimmed the oleander hedge. Officers of the Gospel Echos Chapel testified they used and cared for the disputed property during the time in question and never had any notice that the Mierzwinskis or the Wadsworths were making any claim of adverse ownership.

Applying the facts as found by the court to the law in such a case is always difficult since the specific facts necessary to establish adverse possession vary and depend upon the particular circumstances of each case. Walter v. Northern Arizona Title Co., 6 Ariz.App. 506, 433 P.2d 998 (1967).

Since the facts are different relative to the acts constituting the adverse use of the sidewalk area and the strip west of the sidewalk, we will discuss these separately.

It is undisputed that Band had a permissive use of the sidewalk when it was constructed.

■ We approve of the statements contained in the following text citations:

2 C.J.S. Adverse Possession § 86a, p. 774:

"There is a presumption that a possession originally nonhostile retains its character * * * where possession was in its inception permissive or otherwise in recognition of the title of another, it will ordinarily be deemed to continue nonhostile in character so that mere lapse of time will not confer adversary title. As a general rule, a possession inceptively permissive, or otherwise nonhostile, cannot subsequently become hostile without a clear disclaimer of the true owner's title and assertion of adverse right brought home to him."

25 Am.Jur.2d Easements and Licenses, § 54, page 462:

"Use by express or implied permission or license, no matter how long continued cannot ripen into an easement by prescription. Furthermore, if the original use by the claimant is by permission, it is presumed to so continue."

■ The time period necessary to establish adverse possession would not start running until the Wadsworths or their predecessors in interest made a clear disclaimer of the title of Gospel Echos Chapel. This was not done until the area was fenced in 1970. This fencing was not allowed to stand for the ten year statutory time period so title by adverse possession never matured. In a similar fact situation involving an easement by prescription, the Arizona Supreme Court stated: "It is not sufficient that the claim of right exists only in the mind of the person claiming it. It must in some way be asserted in such manner that the owner may know of the claim." Larue v. Kosich, 66 Ariz. 299, 303, 187 P.2d 642, 645 (1947).

The use of the walkway by the Wadsworths and their predecessors in interest was by express permission; this use never changed until such time as they attempted to fence the property. When this new claim of right was exercised, the owners of the land—Gospel Echos Chapel—immediately took steps to remove the fence and defeat this claim.

■ In 1964 an additional fence was constructed on the property west of the

sidewalk which encroached nine inches onto the property owned by Gospel Echos Chapel. This nine inch encroachment would have qualified as a valid adverse possession except it was not in existence the required ten year period. The Wadsworths also claimed and were awarded a strip of land west of the sidewalk that extends over onto Gospel Echos Chapel's property a total of 3.2 feet. The claim to this strip was based on the testimony that occasionally the Wadsworths and their predecessors in interest mowed the grass and trimmed the oleander hedge in this area. Witnesses for Gospel Echos Chapel testified that they had always used and cared for this property and were never given notice of any adverse claim of ownership.

There was never any evidence produced to show that any of the church members or officers of Gospel Echos Chapel ever witnessed the Wadsworths or the Mierzwinskis mowing the grass or trimming the oleanders in this disputed area.

Occasional or casual acts do not ordinarily give sufficient notice to the true owner that the property is being held adversely. See: 2 C.J.S. Adverse Possession § 40, p. 701; 2 C.J.S. Adverse Possesssion § 52b, p. 720; England v. Ally Ong Hing, 105 Ariz. 65, 459 P.2d 498 (1969); McVannel v. Pure Oil Co., 262 Mich. 518, 247 N.W. 735 (1933); Walker v. Maynard, Tex.Civ.App., 31 S.W.2d 168 (1930).

After considering all facts in the light most favorable to sustaining the decision of the trial court, we do not feel the law as applied to the evidence supports the award of the disputed property to the Wadsworths under the doctrine of adverse possession.

The decision of the trial court is reversed and the cause is remanded with directions to enter judgment in favor of Gospel Echos Chapel, Incorporated.

DONOFRIO, P. J., and EUBANK, J., concur.