594 P.2d 1023

Edith KNAPP, a widow, Plaintiff/Appellee/Cross Appellant,

v.

George WISE and Eunice Wise, husband and wife, Defendants/Appellants/Cross Appellees.

No. 2 CA–CIV 3018.

Court of Appeals of Arizona, Division 2.

Feb. 15, 1979.

Rehearing Denied April 4, 1979.

Review Denied April 24, 1979.

Haythornewhite & Drake by James F. Haythornewhite, Nogales, for plaintiff/appellee/cross appellant.

E. Leigh Larson, Nogales, for defendants/appellants/cross appellees.

## OPINION

HOWARD, Judge.

This is an adverse possession case. Each side claimed to be the owner of a part of the other's property through adverse possession. The parcel of property claimed by Knapp was designated in the trial court as Parcel No. 1 and that claimed by the Wises was designated Parcel No. 2. The trial court agreed with each and awarded the parties the claimed property. Both parties have appealed. We affirm. The trial court made findings of fact and conclusions of law as to Knapp's claim, but not as to appellants' counterclaim. The facts considered in the light most favorable to sustaining the action of the trial court are as follows.

The parties own parcels of land in Santa Cruz County which are adjacent to each other. Knapp has lived on the property since 1948. The Wises purchased their property, which is to the west of the Knapp's, in 1959. When Knapp and her husband purchased their property there was a mesquite and barbed wire fence along what they thought was the western border of their property. This fence tied into a forest service fence at the south boundary line. The Knapps resided in a house on the front of their property. The rear of their property and of appellants' property is hilly and rocky. Prior to 1960 the rear of the Knapp property, including Parcel No. 1, was used to run some turkeys and chickens.

In 1964 the fence along the west of the Knapp property was still in place although in need of some repair. In that year the Knapps permitted a Mr. Rogers to pasture a mule on their property, including Parcel No. 1, in exchange for repairing a fence. He has used it ever since, paying Knapp $25 a year. Rogers also periodically maintained the fence since 1964. Mrs. Knapp always thought the fence was on the western boundary line of her property and that all the property to the west of the fence belonged to the Wises.

The Wises used the front of their property as a truck yard. They cut wood from the property that they were claiming by adverse possession and also used it for an annual picnic. Until a survey was made in 1973, they believed the property west of the fence was theirs. In reality, as it approached the rear of the property, the fence crossed onto the Wise property, leaving a portion of the Wise property, Parcel No. 1, on the east side of the fence. The fence also cut through part of the Knapp property leaving a strip, Parcel No. 2, on the west side of the fence. Knapp believed this parcel belonged to the Wises until the 1973 survey. This lawsuit was precipitated by the Wises' action in 1973 when they took down that part of the fence which was on Parcel No. 1.

In its findings of fact relating to Knapp's claim, the trial court found, inter alia, that the fence on the west boundary of Parcel No. 1 was in place before 1960 and up to July of 1973, at which time it was removed by the Wises.

The Wises present several questions for review, some of which are immaterial since they are based upon a misapprehension as to the nature of this case. This is not a "taking" case. Thus, *Cheatham v. Vanderwey*, 18 Ariz.App. 35, 499 P.2d 986 (1972) is not applicable.

This is an enclosure case. The Wises claim that since there was no evidence that Parcel No. 1 was used for grazing or any other purpose between 1960 and 1964, there is a hiatus which destroys any claim of adverse possession for the statutory period of 10 years required by A.R.S. Sec. 12–526.

Adverse possession is "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." A.R.S. Sec. 12–521(A)(1). Contrary to the Wise contention, the trial court's finding that the fence was in place from before 1960 up to 1973 is sustained by the evidence. The enclosure of land is evidence of possession and, either in itself or in connection with other acts of ownership, may be a sufficient basis for an adverse possession claim. *Normant v. Eureka Co.*, 98 Ala. 181, 12 So. 454 (1893); *Ross v. Burkhard Inv. Co.*, 90 Cal.App. 201, 265 P. 982 (1928); *Mason v. Gaddis Farms, Inc.*, 230 Miss. 666, 93 So.2d 629 (1957); *Ewald v. Horenberger*, 37 Ill.App.3d 348, 345 N.E.2d 524 (1976); *Robin v. Brown*, 308 Pa. 123, 162 A. 161 (1932); *Plaza v. Flak*, 7 N.J. 215, 81 A.2d 137 (1951); 3 Am.Jur.2d Adverse Possession, Sec. 23; and see *Rorebeck v. Criste*, 1 Ariz.App. 1, 398 P.2d 678 (1965); *Gospel Echos Chapel, Inc. v. Wadsworth*, 19 Ariz.App. 382, 507 P.2d 994 (1973).

Where enclosure is relied upon as the evidence of possession, it must be complete and so open and notorious as to charge the owner with knowledge thereof. *Robin v. Brown*, supra; *Plaza v. Flak*, supra. The question in such cases is whether the enclosure, like other acts of possession, is sufficient to "fly the flag" over the land and put the true owner on notice that his land is held under an adverse claim of ownership. *Mason v. Gaddis Farms, Inc.*, supra; *Robin v. Brown*, supra. Did the Knapps "fly the flag"? We believe they did. We cannot agree with the Wise contention that between 1960 and 1964 the Knapps had to engage in some positive kind of conduct on Parcel No. 1 in order to alert them that they were claiming it as their own. The premises were fenced and being used as the Knapp residence. This was enough to alert the Wises that the Knapps were claiming Parcel No. 1. The evidence shows that in fact the Wises knew the Knapps were claiming the property as their own. The Wises always thought their property was west of the fence; the logical inference is that they believed the property east of the fence belonged to Knapp. The trial court

did not err in awarding Parcel No. 1 to Knapp.

 The Wises used Parcel No. 2 for over 10 years as would a normal owner of the land, taking into consideration the uses for which the property was suitable. *Rorebeck v. Criste,* supra. Furthermore, the evidence shows that Knapp always knew that the Wises claimed to be the owners of Parcel No. 2.

The Wises also contend the trial court erred when it permitted Rogers to testify as to his use of Parcel No. 1 because Knapp, in her answers to interrogatories, did not contend that she was relying on Rogers' use for her claim of adverse possession. We do not agree. The Wises had taken Rogers' deposition prior to trial and did not ask for a continuance in order to prepare for his testimony. The trial court did not abuse its discretion in allowing the testimony.

Affirmed.

HATHAWAY and RICHMOND, C. J., concurring.