713 P.2d 332

**Stuart HERZOG, Plaintiff/Appellant,**

**v.**

**Cornelius BOYKIN, Marietta Boykin, Alec Boykin and Robert Walter Adami, Defendants/Appellees.**

**No. 2 CA–CIV 5455.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 13, 1985.

Rehearing Denied Dec. 26, 1985.

Stuart Herzog, Albert L. Blankenship, Jr., Tucson, for plaintiff/appellant.

Slutes, Sakrison, Grant & Pelander, P.C. by James M. Sakrison, Tucson, for defendants/appellees.

LACAGNINA, Judge.

In this case Stuart Herzog and Cornelius Boykin, Marietta Boykin and Alec Boykin (Boykin) were neighbors on developed properties divided by a vacant lot owned by Boykin. The vacant lot was used for parking by tenants of both developed properties and for ingress and egress by others as well as the parties. Herzog, a lawyer, claims his use and the use of his clients and employees of the vacant lot for parking was adverse to the use of Boykin and their predecessor, Robert Walter Adami, and since the statutory period for adverse possession has run, he owns an exclusive interest in the east 10 feet for parking and a joint use for the center 20 feet for ingress and egress. Boykin and Adami claim the use by Herzog was with their implied permission, not hostile, and too erratic to establish an adverse or prescriptive use of their property. The trial court made findings of fact and conclusions of law agreeing with the position of Boykin and Adami and awarded them attorney's fees. We affirm the judgment but reverse that part of the judgment which awarded attorney's fees.

## I FACTS

Herzog has owned property adjoining the vacant lot owned by Adami and his successor, Boykin, for approximately 18 years. He, his employees and clients have parked in the empty lot whenever they wanted, except when Adami told them to remove their vehicles because they interfered with his and his tenant's use. Although Herzog stated he always used the lot with the intention of taking it by adverse possession, he never told Adami of his intention on the occasions when Adami interrupted the use. Herzog did not maintain any portion of the lot, instruct others to use the lot, or give notice of exclusive use of the east portion of the lot. Herzog first

claimed adverse use when Boykin attempted to develop the lot.

The trial court's findings are conclusive and binding on this court unless they are clearly erroneous or unsupported by any credible evidence in the record. Rule 52(a), Rules of Civil Procedure, 16 A.R.S.; *Donahue v. Marston*, 26 Ariz.App. 187, 547 P.2d 39 (1976); *Wilson v. Tucson General Hospital*, 18 Ariz.App. 31, 499 P.2d 762 (1972); *Bevins v. Dickson Electronics Corp.*, 16 Ariz.App. 105, 491 P.2d 494 (1972); *Marquess v. Spaner*, 15 Ariz.App. 342, 488 P.2d 698 (1971).

There was sufficient evidence in the record to support the findings by the trial court that Herzog's use of the vacant lot was permitted by Adami and that Herzog's use for employees and clients was without any claim of right adverse to Adami's ownership. The following finding was supported by the evidence and disposes of this case:

7. Plaintiff had conversations with Defendants ADAMI concerning use of the property and voluntarily moved vehicles from the property after being requested to do so by Defendant ADAMI, and never expressed his intent that he had any interest in the property required by adverse possession. He took no specific or direct actions other than the occasional use of the property for parking his vehicle and ingress and egress, which would evidence a claim of ownership in the property.

Based on the evidence which supported the findings, the trial court concluded that Herzog's use was not hostile, under claim of right, continuous and exclusive, and therefore, Herzog has no adverse interest in the vacant lot.

Herzog had the burden of proving that his use was adverse to the ownership rights of Adami and Boykin. This burden required proof of all of the essential elements of prescriptive use and title. *LaRue v. Kosich*, 66 Ariz. 299, 187 P.2d 642 (1947). The mere use of another's property is insufficient to create ownership or prescrip-

tive use, *Etz v. Mamerow*, 72 Ariz. 228, 233 P.2d 442 (1951), without some additional act or circumstance indicating that the use is not merely permissive but hostile to the owner's rights.

Sufficient notice of a hostile and adverse use has been defined as acts of possession which "fly the flag" over the land telling the owner the land is held under an adverse claim. *Knapp v. Wise*, 122 Ariz. 327, 594 P.2d 1023 (App.1979).

Herzog had opportunities in face-to-face confrontations with Adami to make his intentions of adverse and hostile use known, but he did not. He raised no "flag" by moving his vehicles without protest when his use interfered with the owner's use, and the trial court was justified in its findings and conclusions that Herzog's use was not adverse but was with the owner's implied permission. Where such implied permissive use of the land continued, through "the neighborly indulgence of its owner," it could not ripen into a prescriptive use without "a distinct and positive assertion of a right hostile to the owner [being] brought home to him by words or acts." *LaRue v. Kosich, supra*, 66 Ariz. at 306, 187 P.2d at 646. Herzog never asserted such a right. Herzog cites us to *Brown v. Ware*, 129 Ariz. 249, 630 P.2d 545 (App. 1981), for support of his position. The facts of that case, where the original owner gave permission for use but subsequent owners did not, differ greatly from his case and do not alter our result.

We affirm.

## II ATTORNEY'S FEES

Herzog argues that the trial court had no factual or legal basis to award Boykin and Adami attorney's fees. The record fails to disclose the legal basis for the award. Boykin and Adami argue that they are entitled to attorney's fees based on A.R.S. § 12–341.01 because an action to establish a right by adverse use is in reality an action based on an implied contract. We do not agree with that reasoning, but agree with Herzog that actions based on

adverse possession are not contract actions and reverse that part of the judgment awarding attorney's fees to Boykin and Adami.

HATHAWAY, P.J., and LIVERMORE, J., concur.