NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BLACKHAWK INC. PROFIT SHARING PLAN, an Arizona corporation,
its heirs and assign, ARIZONA CASITAS ACQUISITION, LLC, a limited
liability company, *Plaintiffs/Appellants*,

*v.*

CHARLES MCCOMB and DOLORES MCCOMB, husband and wife,
*Defendants/Appellees.*

No. 1 CA-CV 15-0064
FILED 6-7-2016

Appeal from the Superior Court in Maricopa County
No. CV2012-001926
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Law Office of Thomas F. Harper PC, Scottsdale
By Thomas F. Harper
*Counsel for Plaintiffs/Appellants*

Fidelity National Law Group, Phoenix
By Patrick J. Davis, David M. LaSpaluto
*Counsel for Defendant/Appellee Dolores McComb*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Randall M. Howe joined.

---

**T H U M M A**, Judge:

¶1        Plaintiffs Blackhawk Inc. Profit Sharing Plan and Arizona Casitas Acquisition, LLC (collectively Blackhawk) appeal from the grant of summary judgment in favor of Dolores McComb (McComb) on Blackhawk's claims for ejectment and quiet title and McComb's adverse possession counterclaim. Because Blackhawk has shown no error, the judgment is affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        This case addresses the title to "Unit B, Lot 2 of Casitas Tempe" (the Property). The Property is part of a parcel that was subdivided in 1978, with the original owner building townhomes and issuing a 99-year ground lease for each subdivided lot. At that time, the owner recorded a memorandum of lease summarizing the ground lease.

¶3        The leasehold on the Property changed hands several times over the next decades. Recorded assignments of the ground lease accompanied some of these conveyances. The original owner conveyed its interest in the Property to Blackhawk in 1997.

¶4        After conveyances in 2001 and 2003, Toby and Louise Campbell, husband and wife, accepted and held an assignment of the ground lease jointly. In July 2006, pursuant to a contract of sale, the Campbells conveyed the Property to Charles, Dolores, Kenneth and Lisa McComb via a recorded warranty deed that was recorded at the request of a title company. The McCombs were not assigned, and did not accept an

---

[1] Although the superior court resolved cross-motions for summary judgment, this court "view[s] the evidence and reasonable inferences in the light most favorable to" Blackhawk. *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003). In addition, although McComb's ex-husband Charles was named as a defendant, he was never served, was later dismissed as a party and is not a part of this appeal.

assignment for, the ground lease. By 2010, as a result of other transfers, Dolores was the sole owner of the property transferred by the July 2006 recorded warranty deed.

¶5        According to Blackhawk, the Campbells were current on their rent at the time of the July 2006 warranty deed to the McCombs. Between 2008 and 2011, Blackhawk sent several rent invoices to the McCombs that were never paid. In June 2011, Blackhawk gave Dolores "notice that she was not the owner of the [Property] and, in order to continue to stay in possession of the [Property], she would have to pay rent." McComb, however, never paid any rent to Blackhawk.

¶6        Blackhawk sued in February 2012 to eject McComb from the Property, later adding a quiet title claim. McComb counterclaimed, alleging she acquired title to the Property by adverse possession after possessing the Property for five years under a duly recorded deed. *See* Ariz. Rev. Stat. (A.R.S.) § 12-525 (2016).[2]

¶7        Following discovery, Blackhawk moved, and McComb cross-moved, for summary judgment. After full briefing and oral argument, the superior court granted summary judgment for McComb and against Blackhawk, stating:

> Campbell could not legally grant McComb a deed transferring a greater interest than he possessed. The fact is, however, that he did precisely that, and McComb has ever since possessed the property openly and notoriously on the basis of a fee simple title ostensibly granted by that deed.
>
> …
>
> Campbell, as a tenant, could not assert title adverse to his landlord. But McComb was not a tenant: she never signed a lease, she never paid rent, and she never in any other way acknowledged holding the property at the sufferance of a lessor.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

The court entered judgment pursuant to Ariz. R. Civ. P. 54(c) awarding fee title to the Property to Dolores by adverse possession dating back to the July 2006 recorded warranty deed and awarding McComb $70,686 in attorney's fees and $4,300.78 in costs. This court has jurisdiction over Blackhawk's timely appeal pursuant to A.R.S. §§ 12-120.21(A)(4) and -2101(A)(1).

## DISCUSSION

**¶8** Summary judgment is proper "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). This court reviews the entry of summary judgment de novo, to determine "whether any genuine issues of material fact exist," *Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 55 ¶ 8 (App. 2007), and will affirm if summary judgment is correct for any reason, *Hawkins v. State*, 183 Ariz. 100, 103 (App. 1995).

## I. The Superior Court Correctly Ruled That McComb Adversely Possessed the Property.

**¶9** The superior court found McComb adversely possessed the Property under A.R.S. § 12-525, which provides:

> An action to recover real property from a person in peaceable and adverse possession, and cultivating, using or enjoying the property, and paying taxes thereon, and claiming under a deed or deeds duly recorded, shall be commenced within five years after the cause of action accrues, and not afterward.

On appeal, Blackhawk challenges the finding that McComb peaceably and adversely possessed the Property.[3]

---

[3] Blackhawk does not, on appeal, challenge the other requirements for adverse possession, and the record supports the superior court's findings as to those requirements. Blackhawk also concedes on appeal that the July 2006 warranty deed was "duly recorded" as required by A.R.S. § 12-525. *See River Farms, Inc. v. Fountain*, 21 Ariz. App. 504, 508 (1974)

## A.    McComb Established "Peaceable And Adverse Possession."

**¶10**        "Adverse possession" is "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." A.R.S. § 12-521(A)(1). "Peaceable possession" is "continuous, and not interrupted by an adverse action to recover the estate." A.R.S. § 12-521(A)(2). McComb had the burden to show such possession. *Tenney v. Luplow*, 103 Ariz. 363, 366 (1968).

**¶11**        McComb's possession was peaceful; she took possession of the Property in 2006, and Blackhawk did not sue to recover it until February 2012, more than five years later. For her possession to be adverse, McComb had to show that it was "actual, open and notorious, hostile, under a claim of right and . . . exclusive and continuous" during that time. *Lewis v. Pleasant Country, Ltd.*, 173 Ariz. 186, 189 (App. 1992); A.R.S. § 12-525. McComb met this burden. McComb presented evidence that she: (1) never accepted an assignment of the lease from either Blackhawk or the Campbells, (2) never paid rent despite Blackhawk's demands, (3) pledged the Property as security for a mortgage, (4) allowed her son to live at the Property from 2006 to 2009, and (5) rented the Property to various tenants after that time.

**¶12**        Blackhawk did not dispute this evidence. Blackhawk, however, argues McComb's possession was not adverse because she had constructive notice of the ground lease via the recorded memorandum of lease. *See* A.R.S. § 33-416. Blackhawk also argues McComb's realtor and title company knew of the ground lease because it was mentioned in the listing for the Property, among other places, and that their knowledge should be imputed to McComb. *See Manley v. Ticor Title Ins. Co. of Cal.*, 168 Ariz. 568, 572 (1991) ("The general rule, of course, is that knowledge acquired by an agent in the course of employment is imputed to the principal.").

**¶13**        The record is unclear whether such knowledge, particularly the title company's knowledge, should be imputed to McComb. Even if it should, however, McComb's awareness of the ground lease is not dispositive. Blackhawk did not offer any evidence to show McComb ever acknowledged she was subject to the ground lease. *See Lewis*, 173 Ariz. at 190 ("In order for a possession to be permissive, the possessor must acknowledge that he holds the property in subordination to the owner's title.").[4] Similarly, although Blackhawk contends that McComb's claim of

---

[4] In fact, Blackhawk admitted knowing for some time that the McCombs had not accepted an assignment of the ground lease.

right was not made in good faith and that McComb is not a bona fide purchaser for value, A.R.S. § 12-525 does not contain such requirements. *See Lewis*, 173 Ariz. at 192 ("[A] claim of right is nothing more than the intention of the party in possession to appropriate and use the land as his own to the exclusion of others irrespective of any semblance or shadow of actual title or right") (quoting *Higginbotham v. Kuehn*, 102 Ariz. 37, 38 (1967)). Accordingly, on this record, the superior court also correctly concluded McComb's possession of the Property was adverse to Blackhawk. *See id.* at 191 ("[A] person may bring an adverse possession claim regardless of how he came into possession of the property.").

### B.      McComb Did Not Take Possession Of The Property As A Tenant.

¶14      Blackhawk next contends that McComb took possession of the Property as a tenant under a lease, making adverse possession inapplicable:

> When a person enters into possession of real property under a lease, he may not, while in possession, deny the title of his landlord in an action brought upon the lease by the landlord or a person claiming under him.

A.R.S. § 33-324. McComb, however, did not take possession as a tenant under a lease; she took possession under a warranty deed as a result of a contract of sale. *See Lewis*, 173 Ariz. at 190 (finding A.R.S. § 33-324 did not apply because the adverse possessor "came into possession . . . under a contract of sale and not under a lease agreement").[5] Moreover, as noted above, Blackhawk did not offer any evidence to show that McComb ever acknowledged she was subject to the ground lease.

¶15      Blackhawk also argues McComb took possession as a tenant because the warranty deed could not convey any interest greater than the Campbells' leasehold. A.R.S. § 33-433 (addressing effect "of alienation purporting to pass greater right than possessed by person making alienation"). McComb, however, did not obtain fee simple title through the warranty deed; she did so by meeting the requirements for adverse

---

[5] Blackhawk's companion argument (that McComb failed to "convert her tenancy to a hostile and adverse possession" because McComb never overtly rejected or repudiated the lease) also fails. McComb did not have to reject or repudiate a lease she never entered into or accepted.

possession under A.R.S. § 12-525. *See Phx. Jewish Cmty. Council v. Leon*, 102 Ariz. 187, 190 (1967) (noting where elements of adverse possession claim are otherwise met, "it matters not whether [the claimant] made her initial entry as a tenant or as a purchaser").

### C.     Blackhawk Held A Present Interest In The Property Subject To Adverse Possession.

**¶16**     Blackhawk contends it only held a future expectancy interest in the Property that could not be extinguished via adverse possession. *See* A.R.S. § 33-225 (discussing "indefeasibility of expectant estates" in Article 2, which discusses future interests). But Blackhawk alleged in its verified amended complaint that "the Premises were, and continue to be, owned by . . . Blackhawk" and that McComb "willfully refused to pay rent … and has remained in possession . . . despite receiving notice that Blackhawk is the owner of the Premises." Moreover, Blackhawk sought to eject McComb, negating any claim that it lacked a present interest in the Property. Blackhawk cannot be heard to contradict its own verified allegations on appeal. *Armer v. Armer*, 105 Ariz. 284, 288 (1970).

**¶17**     For these reasons, the superior court did not err by granting summary judgment on McComb's adverse possession claim.

## II.     The Superior Court Did Not Abuse Its Discretion By Awarding McComb Attorneys' Fees.

**¶18**     A fee award under A.R.S. § 12-341.01(A) is reviewed for an abuse of discretion and will be affirmed unless the award lacks any reasonable basis. *Hawk v. PC Vill. Ass'n, Inc.*, 233 Ariz. 94, 100 ¶ 19 (App. 2013). Blackhawk first contends McComb should not recover fees because her title company paid the fees. Blackhawk provides no authority supporting that contention. Moreover, the mere fact that a third party may reimburse or pay a party's attorney's fees does not disqualify a fee award under A.R.S. § 12-341.01(A). *Wilcox v. Waldman*, 154 Ariz. 532, 538 (1987); *Catalina Foothills Ass'n v. White*, 132 Ariz. 427, 428 (App. 1982).

**¶19**     Blackhawk also argues it should not be liable for McComb's fees because "the events leading to this lawsuit were caused by the title insurance agency when it failed to find the recorded" memorandum of lease. Blackhawk cites no record evidence or legal authority supporting this argument. Accordingly, Blackhawk has not shown the superior court erred in awarding fees to McComb. *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 n.2 ¶ 6 (App. 2007).

### III. McComb May Recover Reasonable Attorneys' Fees And Costs On Appeal.

**¶20** McComb requests attorneys' fees and costs on appeal under A.R.S. §§ 12-341 and -341.01. Blackhawk concedes its claims against McComb arose from a contract, namely, the ground lease. *See Marcus v. Fox*, 150 Ariz. 333, 336 (1986) (stating that an action to invalidate an alleged contract is "one 'arising out of a contract' within the meaning of § 12-341.01(A)"). However, an adverse possession claim does not arise out of contract. *Herzog v. Boykin*, 148 Ariz. 131, 133-34 (App. 1985).

**¶21** A party that succeeds on a contract claim, as McComb did here, can recover fees on interwoven claims. *Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 13 ¶ 17 (App. 2000). Claims are interwoven if they are based on the same set of facts and involve common allegations that require the same factual and legal development. *Skydive Ariz., Inc. v. Hogue*, 238 Ariz. 357, 369 ¶ 52 (App. 2015). McComb's adverse possession counterclaim overlapped substantially with her defenses to Blackhawk's contract claim. *See Hiatt v. Shah*, 238 Ariz. 579 ¶ 18 (App. 2015) ("When the contract in question is central to the issues of the case, it will suffice as a basis for a fee award.") (quoting *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 836–37 (9th Cir. 2001)). Accordingly, on the record presented, McComb is awarded taxable costs pursuant to A.R.S. § 12-341, and this court exercises its discretion and awards McComb reasonable attorneys' fees on appeal pursuant to A.R.S. § 12-341.01, contingent upon her compliance with Arizona Rule of Civil Appellate Procedure 21.

### CONCLUSION

**¶22** The judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: AA