NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

───────────────────────

DARREN CALHOUN and KRISTIN KIRLIN,
*Plaintiffs/Appellants,*

*v.*

BARRY SMITH and CHRISTY SMITH, husband and wife; THE
STARDUST LIVING TRUST DATED MARCH 13, 2008,
*Defendants/Appellees.*

No. 1 CA-CV 15-0419
FILED 10-20-2016

───────────────────────

Appeal from the Superior Court in Maricopa County
No.  CV2014-009505
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

───────────────────────

COUNSEL

Tiffany & Bosco, P.A., Phoenix
By Lance R. Broberg, Timothy C. Bode
*Counsel for Plaintiffs/Appellants*

Nussbaum Gillis & Dinner, P.C., Scottsdale
By David A. McCarville, Jody L. Buzicky
*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

**T H U M M A**, Judge:

¶1 Plaintiffs Darren Calhoun and Kristin Kirlin appeal from a judgment, entered after a bench trial, in favor of defendants Barry and Christy Smith and the Stardust Living Trust Dated March 13, 2008 on plaintiffs' quiet title and injunctive relief claims. Because plaintiffs have shown no error, the judgment is affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 In the early 1990s, non-parties Richard and Christine Shepherd purchased unimproved real estate in Cave Creek, Arizona. In 1994, the Shepherds built a house on the property. The house spans a natural wash, with a hallway acting as a bridge over the wash, connecting the front portion of the house on the east to the rear portion of the house on the west. The terrain did not allow easy access to the rear portion of the house from the south, so during construction, contractors used a pre-existing driveway to the north of the house to gain such access. After the house was completed, the Shepherds continued to use the driveway to the north of the house from time to time, largely to access composting bins and refuse containers stored on the property.

¶3 In 2005, the Shepherds sold the property to plaintiffs, who planned to build a corral and horse barn on the property. Believing the driveway to the north of the house to be part of the property they purchased, plaintiffs used the driveway to build the corral and barn. Plaintiffs then used the driveway to the north of the house to access the corral and barn, haul hay and maintain that portion of the property.

---

[1] This court views the evidence in the light most favorable to sustaining the superior court's findings. *Federoff v. Pioneer Title & Trust Co.*, 166 Ariz. 383, 388 (1990).

¶4 In March 2014, defendants purchased the vacant lot to the north of plaintiffs' house. Defendants learned the driveway was on their property and, almost immediately, installed a chain link fence across the driveway. This fence made it difficult for plaintiffs to have vehicle access to the corral and barn.

¶5 In July 2014, plaintiffs filed this action seeking quiet title to the driveway and related injunctive relief. Although asserting a claim of prescription requiring at least 10 years of use, plaintiffs had not owned or used the driveway for 10 years. Accordingly, plaintiffs invoked the doctrine of tacking, which implicates the Shepherds' use of the property. *See Ammer v. Arizona Water Co.*, 169 Ariz. 205, 210 (App. 1991). After discovery and motion practice, the superior court held a one-day bench trial in December 2014.

¶6 Plaintiffs, defendants and Richard Shepherd testified at trial. Shepherd testified the driveway existed before his contractors started using it to access the rear portion of the property. Shepherd testified he did not improve or maintain the driveway and did not take other action putting the true owner on notice that the Shepherds were adversely claiming the driveway. Shepherd never sought or received permission to use the driveway from the true owner, but while the Shepherds owned the property, "it was used periodically." Shepherd testified they did not attempt to hide this use of the driveway and that their use would have been "noticeable to the title holder." Shepherd added, however, that he only met the adjacent property owner once and did not tell the owner that he was using the driveway or was claiming it.

¶7 Darren Calhoun testified that after purchasing the property in 2005, plaintiffs used the driveway daily each year from October to May, and up to five times a week the rest of the year. Calhoun testified plaintiffs never received permission to use the driveway from the true owner. He added that plaintiffs kept the driveway clear of debris and in a usable state, but did not do any work to extend or improve the driveway.

¶8 After receiving evidence and hearing argument, the superior court ruled in favor of defendants, focusing on the Shepherds' use before plaintiffs owned the property. The court noted that, once plaintiffs "show that their use during the ten years was 'open, visible, continuous, and unmolested,' Arizona law presumes that the use was under a claim of right and not permissive. *Spaulding v. Pouliot,* 218 Ariz. 196, 201 (App. 2008)." As briefed by the parties on appeal, the court made two particularly significant findings. Citing *Herzog v. Boykin*, 148 Ariz. 131 (App. 1985), the court first

found "that 'the Shepherds' use of the driveway did not 'fly the flag,'" over the driveway in a sufficiently hostile and adverse manner, thereby "'telling the owner the land is held under an adverse claim.'" Citing *Gospel Echos Chapel, Inc. v. Wadsworth*, 19 Ariz. App. 382 (1973), the court next found

> the Shepherds used the driveway (1) twice to access the side and back yards in connection with construction on their home and (2) "occasionally" or "periodically," particularly to access composting bins and refuse containers stored on their own property. These occasional or periodic acts did not give sufficient notice to the true owner that the driveway was being held adversely.

Citing *Spaulding*, and based on these findings regarding the Shepherds' use of the property before plaintiffs owned the property, the court found plaintiffs "have not shown 'open, visible, continuous, and unmolested' use of the driveway for ten years."

¶9 A resulting partial final judgment repeated the finding that plaintiffs "have not shown 'open, visible, continuous, and unmolested' use of the [d]riveway for ten years to support their claims" and awarded defendants' taxable costs. *See* Ariz. R. Civ. P. 54(b) (2016).[2] This court has jurisdiction over plaintiffs' timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) § 12-2101(A)(1) and -120.21(A)(1).

## DISCUSSION

¶10 To acquire title by adverse possession, a plaintiff must show it had exclusive possession of the property for ten years. *See Ammer*, 169 Ariz. at 209. "To obtain a prescriptive easement, a person must establish that the land in question has actually and visibly been used for ten years, that the use began and continued under a claim of right, and the use was hostile to the title of the true owner." *Harambasic v. Owens*, 186 Ariz. 159, 160 (App. 1996) (citing cases). In either case, the claimant must show the use of the land was "open, visible, continuous, and unmolested" for at least ten years. *Gusheroski v. Lewis*, 64 Ariz. 192, 198 (1946) (citation omitted); *accord England v. Ally Ong Hong*, 105 Ariz. 65, 72 (1969); *see also Spaulding*, 218 Ariz. at 203 ¶ 24 ("Although the requirements for establishing a prescriptive easement and title by adverse possession are not identical, we generally

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

apply their principles interchangeably.") (citing cases). Where such use for such duration is established, "the use will be presumed to be under a claim of right, and not by license of the owner." *Harambasic*, 186 Ariz. at 160–61. Where, as here, there is privity of estate between successive users, "[t]he doctrine of tacking permits successive segments of use to be combined to establish the continuous ten-year period." *Ammer*, 169 Ariz. at 209 (citing A.R.S. § 12-521(B)).

**¶11** A finding of fact will not be disturbed "if there is any evidence to support [it]." *Inch v. McPherson*, 176 Ariz. 132, 135 (App. 1992). Interpretation of statutes and rules is reviewed de novo, *Haag v. Steinle*, 227 Ariz. 212, 214 ¶ 9 (App. 2011), and this court may affirm if the superior court was correct for any reason, *First Credit Union v. Courtney*, 233 Ariz. 105, 107 ¶ 7 (App. 2013).

**¶12** Plaintiffs did not use the driveway for ten years and their reliance on the doctrine of tacking placed at issue the Shepherds' use of the driveway. As noted above, the superior court found plaintiffs failed to show adverse use for two reasons: (1) the Shepherds did not "fly the flag" over the driveway, meaning the use was not sufficiently hostile and adverse; and (2) the Shepherds used the driveway "occasionally" or "periodically," which was not sufficient to show continuous use. Plaintiffs argue the superior court erred by finding they were required to "fly the flag" and by concluding they had "not shown open, visible, continuous, and unmolested use of the driveway for ten years."

## I. The Superior Court Did Not Err By Finding The Shepherds' Use Of The Driveway Was Insufficient To Establish Continuous Use.

**¶13** Plaintiffs argue the Shepherds were not required to "fly the flag" over the driveway, because that standard only applies where a person seeks to establish adverse use after a period of permissive use. When applicable, the "fly the flag" standard indicates that more than mere use is required; to be "open" and "visible," use must be sufficiently hostile and adverse to put the true owner on notice of the competing use. *See Herzog*, 148 Ariz. at 133 ("Sufficient notice of a hostile and adverse use has been defined as acts of possession which 'fly the flag.'") (citation omitted). Although case law construing "fly the flag" is sparse, plaintiffs' argument that the requirement applies to adverse claims following permissive use has some force. *See id.* (finding plaintiff was required to "fly the flag" because "permissive use of the land . . . could not ripen into a prescriptive use without a distinct and positive assertion of a right hostile to the owner")

(citation omitted); *Gospel Echos*, 19 Ariz. App. at 385 (finding plaintiff's casual use of land insufficient to convert permissive use to adverse use).

¶14　　　　The superior court, however, also found that the Shepherds used the driveway only "occasionally" or "periodically," which was not sufficient to show the required "continuous" use. Because plaintiffs were required to establish all necessary elements, if the superior court correctly found that plaintiffs had not shown "continuous" use, this court need not decide whether the court properly applied the "fly the flag" requirement in addressing "open" and "visible" use. *First Credit Union*, 233 Ariz. at 107 ¶ 7 (decision may be affirmed if superior court was correct for any reason).

¶15　　　　At oral argument on appeal, plaintiffs argued that the existence of the driveway essentially required the superior court to find use sufficient to support their quiet title claim. No legal authority supporting this proposition was cited, however, and the court has found none. Moreover, such an argument is contrary to case law requiring plaintiffs to show, among other things, adverse use of sufficiently continuous nature to support their claims. *See, e.g.*, *England*, 105 Ariz. at 72; *Gusheroski*, 64 Ariz. at 198.[3]

¶16　　　　At trial, Richard Shepherd testified the contractors he hired used the driveway to build the house for a discrete period of time. He also testified that, in the years that followed, he and his family used the driveway "occasionally" or "periodically." When asked to clarify, Shepherd testified they used the driveway "a few times a month probably" and later testified "[m]aybe sometimes we didn't use it for a month." Plaintiffs correctly argue that "continuous" use to establish a prescriptive easement need not be daily or constant use. Plaintiffs, however, cite no authority for the proposition that use of a driveway a few times a month is sufficiently "continuous" to show that the superior court abused its discretion in finding to the contrary. Indeed, "[o]ccasional or casual acts do not ordinarily give sufficient notice to the true owner that the property is being held adversely." *Gospel Echos*, 19 Ariz. App. at 385. Moreover, Arizona case law makes plain that the "acts which may constitute

---

[3] Although plaintiffs rely on *Bunyard v. U.S.D.A.*, this is an appeal following a trial, not like in *Bunyard* where summary judgment was entered because the non-moving party failed to present evidence to dispute the movant's showing. *See* 301 F. Supp. 2d 1052, 1058 (D. Ariz. 2004) ("Defendant has not presented evidence to rebut Plaintiffs' evidence and, thus, has not shown that there is a genuine issue of material fact for purposes of summary judgment.")

possession are necessarily varied and, of course, depend upon the circumstances of the case," *Higginbotham v. Kuehn*, 102 Ariz. 37, 38 (1967), and the law does not set a "specific time requirement for physical bodily presence which must be complied with in order for a claimant to claim the continuous possession required," *Kay v. Biggs*, 13 Ariz. App. 172, 175 (1970).

¶17        The superior court considered the trial evidence, including the testimony of Richard Shepherd, who owned the property before plaintiffs. That court was in the best position to determine if occasional or periodic use qualifies as "continuous" in the context of a driveway in that particular neighborhood. Because there was reasonable evidence to support the finding that the Shepherds' use was not "continuous," plaintiffs have not shown the superior court erred in making that finding. Therefore, and because plaintiffs' claims turned on the Shepherds' continuous use of the property, plaintiffs have not shown the superior court erred in ruling for defendants on that basis, and this court need not address the superior court's "open" and "visible" findings.

## II.    The Parties' Requests For Attorneys' Fees Are Denied.

**¶18**        Although plaintiffs request an award of attorneys' fees and costs pursuant to A.R.S. § 12-1103(B), because the judgment is affirmed, that request is denied. Although defendants request an award of attorneys' fees as sanctions pursuant to Ariz. R. Civ. App. P. 25, because defendants have not shown sanctionable conduct, that request is denied. Defendants are, however, awarded their taxable costs upon compliance with Ariz. R. Civ. App. P. 21.

### Conclusion

**¶19**        Because plaintiffs have shown no error, the judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA